WALSH & ASSOCIATES, APC
16633 Ventura Boulevard, Suite 800
Encino, CA 91436
Telephone: (818) 986-1776
Facsimile: (818) 382-2071
DENNIS J. WALSH, Esq. (SBN 106646)
Email: dwalsh@walshlawyers.com
THOMAS L. DOROGI, Esq. (SBN 236338)
Email: tdorogi@walshlawyers.com

Attorneys for Defendant
NORTH ORANGE COUNTY COMMUNITY
COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>          Plaintiff,<br><br>vs.<br><br>NORTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT ("NOCCD"), et al.<br><br>          Defendants. | Sup. Court. Case No.: 30-2016-00881634-CU-CR-CJC<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant NORTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT ("Defendant" or "District") hereby removes to this Court the state court action described below.

On October 17, 2016, an action was commenced in the Superior Court of the State of California for the County of Orange by plaintiff "John Doe" ("Plaintiff")

1

entitled: *John Doe v. North Orange County Community College District (aka "NOCCCD"); Blanca Dobson; Ruth Sipple; Griselda Aguirre; Brandon Floerke; Paul McKinley; and Does 1 through 50*, as Superior Court Case No.: 30-2016-00881634-CU-CR-CJC ("Complaint").  A copy of the Complaint is attached hereto as Exhibit "**A**".

The first date on which the Defendant received a copy of the Complaint was September 11, 2017, when the Defendant was served with a copy of the Complaint (and Supplemental Addendums 1-4) and a summons from the state court.  A copy of the summons from the state court is attached hereto as Exhibit "**B**".   (See, accompanying declaration of Sandy Cotter (dated October 10, 2017) which is incorporated herein by reference, as to the date of service of the summons and Complaint (and Supplemental Addendums 1-4) in this action.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it arises under federal law; specifically:

First Cause of Action – "Section 504 of the Rehabilitation Act of 1973" (See, Complaint at page 4, lines 1-4);

Second Cause of Action – "the Americans with Disabilities Act of 1990" (See, Complaint at page 4, lines 5-8); and

Third Cause of Action – "Equal Protection Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983" (See, Complaint at page 4, lines 9-12).

Additionally, this Court may and should exercise supplemental jurisdiction over the California state law claims detailed in the Complaint pursuant to 28 U.S.C. § 1367(a).

//

//

2

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**
**(FEDERAL QUESTION)**

1    Defendant seeks removal to this Court because the alleged acts or omissions

2 detailed in the Complaint are alleged to have occurred on the campus of Fullerton

3 Community College, which is within the jurisdiction of this Court.

4    The state court file is attached hereto, as follows:

5 1.    Exhibit "**A**" – Complaint for Damages and Injunctive Relief.

6 2.    Exhibit "**B**" – Summons stamped September 11, 2017.

7 3.    Exhibit "**C**" – Civil Case Cover Sheet.

8 4.    Exhibit "**D**" – Order on Court Fee Waiver.

9 5.    Exhibit "**E**" – Notice of Case Assignment.

10 6.    Exhibit "**F**" – Plaintiff's Supplemental Addendum to Complaint.

11 7.    Exhibit "**G**" – Plaintiff's Second Supplemental Addendum to Complaint.

12 8.    Exhibit "**H**" – Plaintiff's Third Supplemental Addendum to Complaint.

13 9.    Exhibit "**I**" – Plaintiff's Fourth Supplemental Addendum to Complaint.

14 10.    Exhibit "**J**" – Notice of Hearing (November 15, 2016).

15 11.    Exhibit "**K**" – Notice of Rejection of Electronic Filing.

16 12.    Exhibit "**L**" – Ex Parte Application for Extension of Time to Serve Pleading.

17 13.    Exhibit "**M**" – Order on Ex Parte Application (February 6, 2017).

18 14.    Exhibit "**N**" – Clerk's Certificate of Mailing.

19 15.    Exhibit "**O**" – Minute Order (February 7, 2017).

20 16.    Exhibit "**P**" – Clerk's Certificate of Mailing.

21 17.    Exhibit "**Q**" – Minute Order (June 6, 2017).

22 18.    Exhibit "**R**" – Ex Parte Application for Extension of Time to Serve Pleading

23 and Order.

24 19.    Exhibit "**S**" – Plaintiff's Written Declaration In Response To Court's

25 6/6/2017 OSC For FTA.

26 20.    Exhibit "**T**" – Minute Order (July 3, 2017).

27 21.    Exhibit "**U**" – Clerk's Certificate of Mailing.

28

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**
**(FEDERAL QUESTION)**

22.    Exhibit "**V**" – Minute Order (July 11, 2017).

23.    Exhibit "**W**" – Minute Order (September 12, 2017).

This Notice of Removal is signed by counsel pursuant to Federal Rule of Civil Procedure ("Rule") 11.

DATED:  October 10, 2017               WALSH & ASSOCIATES, APC

By: _____
Dennis J. Walsh, Esq.
Thomas L. Dorogi, Esq.
Attorneys for Defendant
NORTH ORANGE COUNTY
COMMUNITY COLLEGE DISTRICT

4

Exhibit "A"

1

John Doe
4067 Hardwick St #184
Lakewood, CA 90712
(818) 330-3139
Plaintiff in Pro Se

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/17/2016** at 11:58:11 PM

Clerk of the Superior Court
By Giovanni Galon, Deputy Clerk

2

3

4

5

6

7

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

8

CENTRAL JUSTICE CENTER - UNLIMITED CIVIL

9

10

11

JOHN DOE;

Plaintiff

vs.

NORTH ORANGE COUNTY
COMMUNITY COLLEGE DISTRICT (aka
"NOCCCD"); BLANCA DOBSON; RUTH
SIPPLE; GRISELDA AGUIRRE;
BRANDON FLOERKE; PAUL MCKINLEY;
and DOES 1 through 50, inclusive

Defendants

Case No.      30-2016-00881634-CU-CR-CJC

Judge Frederick P. Horn

**COMPLAINT FOR DAMAGES AND JUDICIAL RELIEF**

**JURY TRIAL DEMANDED**

October 17th, 2016

12

13

14

15

16

17

18

19

20

21

22

23

24

INTRODUCTION

Plaintiff JOHN DOE is an adult community college honors student, who aspired to earn an opportunity to make highly competitive transfer applications to two of the most competitive four-year universities in the world, despite also having permanent and stigmatizing mental disabilities. Plaintiff DOE was on track to do so, having previously maintained a rigorous course of community college honors study with a 4.0 GPA, when he

25

26

27

28

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

was intentionally and unlawfully refused the benefit of disability accommodations for which he had been approved, by employees of the very disabled student services office tasked to ensure he received equal opportunity in his academic pursuits.

As a direct and proximate result of this deliberate discrimination, Plaintiff suffered immediate academic harm fatal to his elite four-year university transfer goals, leading to emotional distress so severe that he could not function or perform in his classes.  He immediately, repeatedly and continuously asked multiple employees and administrators with the power to grant him relief to do so in a timely manner, eventually speaking with no less than three employees of the DSS office, the DSS director, his instructor, two Deans, two Vice Presidents, the President of the college, the Vice Chancellor and ADA/504 coordinator of the district, and the Chancellor of the district.  But in the aftermath of this wrongdoing, instead of acting in a timely manner to exercise due care, discharge their mandatory duties to prevent discrimination, and simply "stop the bleeding" the Plaintiff was suffering from, Defendants generally refused to act in a timely manner to fully cure Plaintiff's injuries, choosing instead to apparently prioritize their own personal, interpersonal or career concerns.

As a result of Defendants unlawful conduct, deliberate indifference, and failure to act with care to discharge their mandatory duties in a timely manner, Plaintiff's emotional distress and mental illness grew so severe that he was eventually forced to drop out of school entirely in the face of daily suicidal ideations.  Despite two years of pleading with various of the Defendants to simply make the Plaintiff whole from the harmful academic impact of their conduct, and to make minor and reasonable changes to their internal policies to ensure such injury does not occur again to either himself or another student, Defendants continue to refuse to do either.

**The Plaintiff wants his civil right, to an equal opportunity to present an academic record that *accurately* reflects the merits of his academic abilities and work ethic (as opposed to the limitations of his mental disabilities revealed by the Defendants unlawful discrimination), restored back to him.**  Since the Defendants

COMPLAINT                                    - 2 -

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

refuse to voluntarily fully restore the equal opportunity they wrongfully took from the Plaintiff, the Plaintiff now brings this suit to seek equitable and injunctive relief to compel full restoration of equal opportunity to which he is entitled by law.

The Plaintiff also plays for recovery for the severe emotional distress, medical expenses, economic damages, and all other damages he has suffered as a direct and proximate result of Defendants' unlawful conduct and deliberate indifference.

Finally, the Plaintiff seeks injunctive relief to prevent future injury to himself and other students.  Following his initial injury, Plaintiff subsequently learned that for at least the last eleven (11) years, the Defendants have maintained operating procedures within their disabled student center that do not comport to the minimum legal requirements of both statute and case law.  These procedures unlawfully direct DSS staff to *automatically* deny individuals with disabilities the full benefit of their civil right to equal opportunity under certain circumstances, without any procedure to individually evaluate each such denial to demonstrate it is actually justified under the tests set forth in both Federal statute and case law.  These procedures also allegedly forbid staff from exercising discretionary common sense.  Defendants have continued to maintain these procedures for truncating the civil rights of individuals using a one-size-fits-all tool, despite reasonable knowledge of questionable justification for harm to multiple individuals, including even the daughter of the district's ADA/504 coordinator.  These procedures were allegedly a contributory element to Plaintiff's injury, and Plaintiff is afraid he may suffer future injury from these unlawful procedures again.  The Plaintiff therefore asks this Court to order the Defendants to show cause, as to why they should not be enjoined from continuing to employ one-size-fits-all procedures in the operation of their disabled student services office, when those procedures do not comport to the minimum legal requirements established in both statute and case law to protect the individualized civil rights of each student they serve.

JURISDICTION, VENUE, AND CLAIMS PRESENTATION REQUIREMENT

1.     Plaintiff seeks compensation and equitable relief for:

COMPLAINT                                            - 3 -

(a) FIRST CAUSE OF ACTION: Denial of Plaintiff's right to equal opportunity on the basis of mental disability, in violation of his rights under Section 504 of the Rehabilitation Act of 1973, against all Defendants in their individual and professional capacities.

(b) SECOND CAUSE OF ACTION: Denial of Plaintiff's right to equal opportunity on the basis of mental disability, in violation of his rights under the Americans with Disabilities Act of 1990, against all Defendants in their individual and professional capacities.

(c) THIRD CAUSE OF ACTION: Violation of his rights under the Equal Protection Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. §1983, against all Defendants in their individual and professional capacities

(d) FOURTH CAUSE OF ACTION: Violation of the Unruh Civil Rights Act, against all Defendants in their individual and professional capacities.

(e) FIFTH CAUSE OF ACTION: Violation of the California Disabled Persons Act, against all Defendants in their individual and professional capacities.

(f) SIXTH CAUSE OF ACTION: Negligence pursuant to California Government Code §815.2, 815.6, and 820, against all Defendants.

(g) SEVENTH CAUSE OF ACTION: Intentional Tort, pursuant to California Government Code §820 and 815.2, against all Defendants in their individual and professional capacities

(h) EIGHTH CAUSE OF ACTION: Failure to Discharge a Mandatory Duty, pursuant to California Government Code §820 and 815.6, against all Defendants in their individual and professional capacities.

(i) NINTH CAUSE OF ACTION: Intentional Infliction of Emotional Distress, against all Defendants in their individual and professional capacities

(j) TENTH CAUSE OF ACTION: Negligent Infliction of Emotional Distress (Direct Victim), against all Defendants in their individual and professional capacities.

COMPLAINT                                                    - 4 -

2.     While the Plaintiff has not yet determined the precise totality of his damages, his damages certainly exceed $25,000; therefore, this is an unlimited civil action.

3.     This Court is the proper venue for this action because (a) at least one Defendant resides within the Court's jurisdictional area; and (b) the Plaintiff's injuries occurred within the Court's jurisdictional area.

4.     Plaintiff has complied with the California Tort Claims Act as described in Government Code §910 *et seq.*  Plaintiff filed an application for leave to present a Late Claim on October 16th 2015.  The Board of Trustees of Defendant NORTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT voted on to accept his application to present a late claim, but then voted to deny the underlying claim itself.  However, since the Plaintiff was never mailed a notice of the Board's action, the Plaintiff's ability to assert state law claims is governed by a two-year statute of limitations, running from the dates of each incident that gave rise to a cause of action.

PARTIES AND OTHER RELEVANT ENTITIES

5.     Plaintiff JOHN DOE is an adult male with lifelong, permanent and stigmatizing mental disabilities.  At all times relevant to the complaint herein, Plaintiff DOE (a) was or has desired to return to being a Honors student simultaneously enrolled at multiple community colleges, including Fullerton Community College within Defendant NORTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT; and (b) was a qualified individual with a disability, within the meaning of 42 U.S.C.A. §12131(2).  All Defendants named herein are aware of Plaintiff DOE'S true identity.

6.     At all times relevant herein, Defendant NORTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT (hereinafter "NOCCCD") (a) was a local political subdivision within the State of California; (b) was a "public entity" within the meaning of 42

COMPLAINT                                    - 5 -

U.S.C.A. §12131(1); and (c) received federal financial assistance within the meaning of 29 U.S.C.A. §794(a), both generally and specifically with respect to the programs and activities at Fullerton Community College.  Defendant NOCCCD is statutorily liable under California law pursuant to (a) California Government Code §815.2, for the intentional and/or negligent conduct of Defendants BLANCA DOBSON, RUTH SIPPLE, GRISELDA AGUIRRE, BRANDON FLOERKE, PAUL MCKINLEY, and DOES 1 through 50, inclusive; (b) California Government Code §815.6 for its own breaches of mandatory duty.

7.      At all times relevant herein, Defendant BLANCA DOBSON was (a) the Testing Supervisor for the Fullerton Community College DSS office; and (b) an employee and agent of Defendant NOCCCD.  Said Defendant is statutorily liable under California Law pursuant to California Government Code §820.

8.      At all times relevant herein, Defendant DEFENDANT RUTH SIPPLE was (a) a Learning Disabilities Specialist and Counselor at the Fullerton Community College DSS office; and (b) an employee and agent of Defendant NOCCCD.  Said Defendant is statutorily liable under California Law pursuant to Gov Code §820.

9.      At all times relevant herein, Defendant DEFENDANT BRANDON FLOERKE was (a) a Tenured Professor of English at Fullerton Community College; and (b) an employee and agent of Defendant NOCCCD.  Said Defendant is statutorily liable under California Law pursuant to Gov Code §820.

10.     At all times relevant herein, Defendant PAUL MCKINLEY was (a) the Director of the Fullerton Community College DSS office; and (b) an employee and agent of Defendant NOCCCD.  Defendant MCKINLEY subsequently retired in Fall 2015.  Said Defendant is statutorily liable under California Law pursuant to Gov Code §820.

11.     At all times relevant herein, Defendant GRISELDA AGUIRRE was (a) a Test Proctor at the Fullerton Community College DSS office; and (b) an employee and agent of Defendant NOCCCD.  Said Defendant is statutorily liable under California Law pursuant to Gov Code §820.

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

12.     "UNIVERSITY A" and "UNIVERSITY B" are not parties to this suit, but are internationally renown, extremely elite four-year universities to which Plaintiff DOE was aspiring to apply for transfer admission.  Defendants have heard the Plaintiff speak of his goal to competitively apply for transfer admission to either UNIVERSITY A or UNIVERSITY B many times, and are thus aware of the true identities of both schools; Plaintiff will disclose the identities of UNIVERSITY A and B's to the Court at a future date as necessary.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### GENERAL FOUNDATIONAL FACTS

13.     Plaintiff JOHN DOE is diagnosed with the following mental disabilities:

(a) Attention Deficit Hyperactivity Disorder (hereinafter "ADHD").  ADHD symptoms which the Plaintiff suffers from include, but are not limited to, impairment of Executive Function and the ability to correctly assess how long tasks will take to complete, and extreme difficulty concentrating in the presence of auditory or visual distractions.

(b) Obsessive Compulsive **Personality** Disorder (hereinafter "OCPD").

(c) Major Depression Disorder (hereinafter "MDD").

14.     In Fall of 2013, Plaintiff DOE began a course of study within the California Community College System, with the express goal of transferring to UNIVERSITY A or B. UNIVERSITY A describes itself – and is generally regarded by others – as having one of (if not *the*) most competitive transfer admissions environments in the world, with a self-reported annual transfer admission rate between one to four percent.  The transfer admission environment at UNIVERSITY B is also extremely competitive, with the program to which Plaintiff DOE wishes to apply reporting an annual transfer acceptance rate between four to five percent.

COMPLAINT                                          - 7 -

15.     Plaintiff DOE took no chances in ensuring he would be able to make a highly competitive application for transfer admission to UNIVERSITY A and B, in spite of his mental disabilities.  He methodically researched every required and recommended class these universities want transfer applicants to have completed.  Since no single community college offers all these classes, Plaintiff manually researched the course offerings of all 112 California community colleges, and compiled a matrix showing every available option to complete these classes across the State (in a honors format, if possible). He then further researched each potential professor, seeking out the toughest, highest quality of instruction he could find, and for critical classes, often traveled to observe and interview his final options in person. Plaintiff then planned each semester's schedule around completing classes on his matrix, while maintaining an honors course load of at least 16 units, and a GPA of 4.0.  To do this, Plaintiff always attended more than one community college simultaneously, and adhered to a rigidly pre-planned time management schedule.

16.     In Fall 2014, Plaintiff registered for eight units at Fullerton Community College: Computer Science 123 taught by Scott Edwards, and Honors English 103 taught by Defendant BRANDON FLOERKE.  Simultaneously, Plaintiff registered in eight units at Long Beach City College (LBCC): Honors Macro Economics, and Honors Calculus 1.

17.     These schools are located approximately 24 miles apart.

18.     Plaintiff lives in the area of Lakewood, California, requiring him to drive at least 24 miles to arrive to classes at Fullerton Community College.

19.

PRIOR FOUNDATIONAL KNOWLEDGE OF DEFENDANT SIPPLE

20.     In December 2013, Plaintiff registered with the Disabled Student Services office (hereinafter "DSS office") at Fullerton Community College in anticipation of his planned 2014 attendance there, and provided medical documentation of his prior diagnoses of ADHD and MDD.

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

21.     In January of 2014, plaintiff met with Defendant RUTH SIPPLE for an intake interview and assessment. Plaintiff provided Defendant SIPPLE with a letter requesting specific accommodations for his disabilities, and verbally discussed his disability issues at some length with her.

22.     Defendant SIPPLE'S handwritten notes from that meeting include the following comments in response to the question "how does your disability affect your ability to learn / How has school been difficult for you because of your disability?"

    (a) [difficulty staying] "1. on task"

    (b) "2. Needs structure Mind spins"

    (c) "implode w/o FIXED schedule"

23.     Based upon the documentation provided by the Plaintiff and the discussion in the oral interview, Defendant SIPPLE approved the Plaintiff for multiple accommodations, including but not limited to 1.5 time and a distraction-free environment (up to and including use of a private room) for all tests.

24.     Defendant SIPPLE was thus on notice and aware that Plaintiff's mental disabilities left him extremely susceptible to distraction, that he required a distraction-free environment and 1.5 time on all tests, and was extremely vulnerable to mental distress and injury over even the slightest alteration to his routine and schedule or failure to provide the accommodations he needed.


                    PRIOR FOUNDATIONAL KNOWLEDGE OF DEFENDANT FLOERKE

25.     Plaintiff verbally informed Defendant FLOERKE at the onset of the Fall 2014 semester that he had ADHD, and both required and had been approved by DSS for testing accommodations, including a distraction-free environment and 1.5 time.

26.     On September 16th, 2014, Plaintiff was denied an appropriate testing environment for what was effectively a pop writing quiz. On that day, Defendant FLOERKE gave the class a surprise in-class short essay writing assignment. The task was to read an article, then write a short essay response in the classroom on the topic.

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

27.     There was no opportunity for the Plaintiff to receive 1.5 time or a distraction free environment for this surprise graded assessment component.

28.     After passing out the prompt article, Defendant FLOERKE sat at his desk, and despite having been previously informed of Plaintiff's need for a distraction-free environment, turned on music over the classroom speakers.  There was no opportunity for Plaintiff to inconspicuously ask Defendant FLOERKE to stop playing music over the classroom speakers.

29.     As a result of this distraction *enhanced* environment, Plaintiff was severely impaired in his efforts to both read the article and write a response. Although he eventually was able to finish reading, he was unable to process and write about the contents due to the music and other distractions around him.

30.     Plaintiff finally resorted to simple writing a note on his paper to Defendant FLOERKE, reminding FLOERKE that Plaintiff was an identified DSS student, and that "I can't have music playing in the background while trying to read, process information, & write".

31.     Plaintiff subsequently obtained an "Instructor Letter" from the DSS office on September 24th 2014, verifying his status as a student with a disability, and showed it to Defendant FLOERKE.

32.     Defendant FLOERKE was thus on direct and personal notice that Plaintiff was an identified and registered student with a disability requiring a distraction-free environment and 1.5 time, and that his mental disabilities left him extremely susceptible to mental distress and injury over even the slightest failure to provide the accommodations he needed.

PRIOR FOUNDATIONAL KNOWLEDGE OF DEFENDANTS DOBSON AND MCKINLEY

33.     Due to the handwriting limitations and propensity to distraction associated with his ADHD, as well as perfectionism of his OCPD, Plaintiff routinely uses blank graph

COMPLAINT                                          - 10 -

paper as scratch paper on all tests involving mathematics or computer code, both of which require the maintenance of information in vertical alignments in order to avoid mistakes.

34.     On Wednesday, October 1st 2014, Plaintiff took a Computer Science midterm at the Fullerton DSS office.

35.     Defendant BLANCA DOBSON, the full-time Testing Supervisor at the Fullerton DSS office, had set the Plaintiff up to use a distraction-free room on the basis of his testing reservation request form, which had simply asked for an "alternative location".

36.     However, Defendant DOBSON told the Plaintiff he could not take his blank graph paper into the testing room.  Her justification for this edict was that "the instructor only supplied blank *copy* paper".

37.     When the Plaintiff tried politely explaining his need to use blank graph paper was an accommodation for his disabilities, Defendant DOBSON pulled the blank graph paper out of his hand, stating, "well you'll just have to get that taken care of for next time".

38.     Since mistakes on exams could eventually lead to a grade that might deny him his goal of transferring to UNIVERSITY A or B, Plaintiff immediately pulled his blank graph paper back out of Defendant DOBSON'S hand, replying "no, we're going to get this taken care of right now."

39.     Defendant DOBSON narrowed her eyes, slightly gaped her mouth into a frown, cocked her head to the side, and gave the Plaintiff an extremely dirty, angry look in reply.

40.     Plaintiff was then forced to wait outside the office of DSS Director and Defendant PAUL MCKINLEY for 30 minutes.  Defendant MCKINLEY subsequently immediately overrode Defendant DOBSON's original decision, and approved Plaintiff's use of blank graph paper.

41.     Plaintiff then immediately thanked both MCKINLEY and DOBSON, apologizing for his behavior in front of both, and explaining that he just "can't deal" with the potential consequences of not keeping things neat and organized on his papers.

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

42.     Defendants DOBSON and MCKINLEY were thus on notice that Plaintiff's mental disabilities left him extremely susceptible to mental distress and injury over even the slightest failure to provide the accommodations he needed.

<u>FOUNDATIONAL FACTS TO CAUSES OF ACTION</u>

43.     Plaintiff's Fall 2014 English 103H class, taught by Defendant FLOERKE, met at 7:15 AM on Mondays and Wednesdays on the campus of Fullerton Community College.

44.     Because of the conflicting limitations of the Plaintiff's incredibly busy multi-campus schedule, it was not feasible for the Plaintiff to take lengthy exams in English 103H at the same time or even on the same day as the rest of his class, while also receiving his approved testing accommodations.

45.     Plaintiff's English 103H class was scheduled to take a midterm exam on Monday, October 13th 2014.

46.     This midterm exam carried enough weight that failure to earn an excellent score on it would mathematically deny Plaintiff an opportunity to earn an "A" in the class.

47.     After discussing his scheduling and test accommodation situation with Defendant FLOERKE in class, FLOERKE told the Plaintiff he could take his midterm exam on Friday, October 17th, 2014.

48.     Defendant FLOERKE remarked that what he would simply create a customized version of the test exclusively for the Plaintiff's use, in order to guarantee the academic integrity of the exam.

49.     Critically, Defendant FLOERKE did not designate a time on October 17th 2014 when Plaintiff had to take his exam.  Instead, FLOERKE told the Plaintiff he could select a starting time of his own choosing.

50.     Acting on the discretion given to him by FLOERKE, Plaintiff self-scheduled his test to begin at 8:00 AM, the same time the DSS office was scheduled to open. Plaintiff requested 1.5 time, a quiet place to work, and the use of a word processor, "Microsoft Word or OS X Pages".

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

51.     Plaintiff was accustomed to departing for Fullerton Community College from the Lakewood, CA area at 6:30 AM for his 7:15 AM English 103H class.  Plaintiff was not accustomed to driving between Lakewood and Fullerton at 7:00 AM, and thus not accustomed to the precise nature of traffic on the 91 freeway at that time vs. 6:30 AM.

52.     Just before going to bed on the evening of October 16th 2014, Plaintiff made a snap assessment of how much time he thought should add to his planned commute, in order to compensate for the anticipated increase in traffic at his later departure time.  Unfortunately, as often happens with people suffer from ADHD-related deficiencies in Executive Function, the 15-minute adjustment that the Plaintiff made was not sufficient to correctly plan for the time necessary to complete the task.

53.     In addition to this ADHD Executive Function error, due to personal events associated with his OCPD that are not relevant to the causes of action herein, the Plaintiff was unable to get to bed on time on the evening of October 16th, 2014.  This in turn led to him getting up later than planned on the morning of October 17th, which in turn slightly delayed his departure

54.     As a result of these disability-related issues, Plaintiff arrived at the Fullerton DSS office at 8:30 AM, instead of 8:00 AM.

DENIAL OF PLAINTIFF'S DISTRACTION FREE ENVIRONMENT ACCOMMODATION

55.     Prior to his arrival at the Fullerton DSS office on October 17th 2014, Defendant DOBSON, as the DSS Testing Supervisor, made a choice to deliberately schedule the Plaintiff to take his test in the DSS lobby, at *the* computer with the most exposure possible to noise and visual movement out of all testing stations available.

56.     Defendant DOBSON scheduled Plaintiff to work at this inappropriate location, despite her prior practice of scheduling the plaintiff to take prior exams in the quiet main testing area, and the availability of multiple computers located both in that main testing area and in multiple private testing rooms, none of which were scheduled for use that Friday morning.

COMPLAINT                                            - 13 -

57.     This was the first test the Plaintiff took at the DSS office following his October 1st 2014 "graph paper incident" with Defendant DOBSON, where he had objected to DOBSON'S assertion of authority, and DOBSON had been overruled by MCKINLEY. Unfortunately, MCKINLEY was not present in the testing center on October 17th 2014.

58.     When Plaintiff arrived to begin his exam, he was directed by Defendant GRISELDA AGUIRRE, the Fullerton DSS Test Proctor, to the station at which Defendant DOBSON had scheduled him to work.

59.     Instead of taking his seat, Plaintiff immediately protested the denial of his distraction-free environment accommodation to Defendant AGUIRRE, and asked to be allowed to have a quiet place to work.  Instead of exercising reasonable due care to discharge her mandatory duty to avoid discriminating against the Plaintiff on the basis of his disability, or at least relaying the Plaintiff's objection to her supervisor Defendant DOBSON, Defendant AGUIRRE simply told the Plaintiff "this is where you were set up; I'm just the messenger".

60.     The computer at which the Plaintiff was directed to work already had Microsoft Word open on it.  Microsoft Word was the *only* program running.

61.     Upon learning that he would not receive his distraction-free environment accommodation, Plaintiff immediately began experiencing extreme and disorienting distress, anxiety and panic over his fear that failure to provide this accommodation would likely result in failure to complete the midterm, which in turn would result in a loss of points that would preclude Plaintiff from earning an "A" in the course, which would in turn end his chances to transfer to UNIVERSITY A or B.

62.     This disorienting and distracting extreme distress, anxiety and panic continued to persist throughout Plaintiff's efforts to complete the exam, and had a direct and extremely adverse impact on his efforts to focusing on doing so.

63.     While working in the lobby, Plaintiff was in fact frequently interrupted by the conversations and visual movements of both DSS staff and visitors to the DSS office. Plaintiff could hear DSS staff talking amongst themselves in the office, and could catch

COMPLAINT                                    - 14 -

glimpses of their movement around the office.  Several times during his attempt to take his exam, instructors walked up the aisle of the office, past where the Plaintiff was seated, to Defendant AGUIRRE'S desk (which was literally five feet behind the Plaintiff), and engaged AGUIRRE in conversation, apparently while either dropping off or picking up tests from her.  Each of these distractions caused the Plaintiff to loose focus, and cost more time from his efforts to complete his test.

64.     At approximately 10:00 AM, Plaintiff turned to Defendant AGUIRRE behind him, and pleaded to "please be allowed to move to a quiet environment".  Plaintiff explained he could not concentrate with these distractions.  Defendant AGUIRRE walked to Defendant DOBSON, and notified her of the Plaintiff's request.

65.     Defendant DOBSON came over to the Plaintiff's station, and denied his request to be moved to a quiet environment.  DOBSON'S exact words to the Plaintiff were **"you only have 45 minutes left, so it wouldn't make any difference anyway"**.

66.     DOBSON made absolutely no mention of any other reasoning or motivation as to why she had assigned the Plaintiff to work in the lobby, or why she felt Plaintiff should continue working at this computer in the lobby, other than to then say something to the effect of "there won't be any more distractions."

67.     Despite DOBON'S statement, Plaintiff continued to experience distractions for the remainder of his efforts to complete his test.

<u>DENIAL OF PLAINTIFF'S 1.5 TIME ACCOMMODATION</u>

68.     In addition to deliberately scheduling the unlawful denial of the Plaintiff's distraction-free environment accommodation before he even set foot in the building on October 17th 2014, Defendant DOBSON also set up and announced the unlawful denial of the Plaintiff's 1.5 time accommodation once he arrived at 8:30 AM.

69.     Upon his arrival, Defendant DOBSON told the Plaintiff that he would only be allowed until 10:45 AM to complete his test.  Her justification was that since the Plainitff

COMPLAINT

- 15 -

had set his appointment time for 8:00 AM, the thirty minutes he was late should be automatically deducted from the back end of his test accommodation time.

70.     Plaintiff immediately objected, and asked to be allowed his full 1.5 accommodation time, thus making a request to modify a policy or procedure in order to avoid discrimination on the basis of disability.

71.     Plaintiff verbally argued to DOBSON that: (a) since Plaintiff had been allowed to choose his own start time per Defendant FLOERKE's grant of discretion, he should be able to change that start time; and (b) the scheduled closing time of the DSS office would allow for the full provision of Plaintiff's 1.5 time accommodation, without imposition of any undue burden on DSS office staff.

72.     Defendant DOBSON was thus informed and aware that there was no risk of undue burden to justify denial of the Plaintiff's request for modification.

73.     In addition to these verbal arguments, Defendant DOBSON was already aware, visa vi the information Plaintiff had provided on his test reservation form, that the rest of his class had taken the test on Monday, some 5,800 minutes prior.

74.     Defendant DOBSON was knew or reasonably should have known delaying the start of the Plaintiff's official testing time by an additional 30 minutes, on top of the 5,800 minute delay that had already been approved, would not foreseeably provide the Plaintiff with an unfair advantage.

75.     Defendant DOBSON choose instead to deny the plaintiff's request for a modification to policy without comment, and simply walk away.

76.     Later that day, Defendant DOBSON verbally told the Plaintiff that she would have granted his request for modification if he had made it via phone instead.  This was subsequently corroborated in writing by Defendant MCKINLEY, and later in an official internal investigation conducted by Defendant NOCCCD.

77.     There is no lawful basis for denying a request to modify a policy to avoid discrimination on the basis of disability simply because the request is made in person rather than via telephone.  The only recognized legal basis for refusing such a

COMPLAINT                                   - 16 -

modification request is demonstration that making such modification would result in fundamental alteration, i.e. provide an unfair advantage or impose undue burden.

78.     At 10:45, Defendant AGUIRRE attempted to stop Plaintiff from working on his exam.

79.     Plaintiff informed Defendant AGUIRRE that he intended to take his full 1.5 accommodation time.  Plaintiff asserted that his instructor – not DSS – was ultimately legally responsible for ensuring he received the disability accommodations necessary for his equitable access to his class.  Accordingly, DSS should merely document what had happened and inform his instructor, so that the instructor could determine what to do.

80.     Defendant AGUIRRE left to inform Defendant DOBSON of the situation, and Plaintiff began typing a documentation of the events of that morning onto the exam itself.

81.     Defendant DOBSON came over and directed Plaintiff to stop typing.

82.     Plaintiff had not completed documenting what had occurred, and repeated to Defendant DOBSON essentially the same thing he had told Defendant AGUIRRE. Defendant DOBSON then left to inform Defendant SIPPLE.

83.     Defendant SIPPLE came over with Defendant DOBSON, and told Plaintiff to stop.  Plaintiff repeated to Defendant SIPPLE essentially the same thing he had told Defendants AGUIRRE and DOBSON.

84.     Defendant SIPPLE left, and Defendant DOBSON stayed at the computer station, and printed off everything Plaintiff had written so far.

85.     Defendant SIPPLE returned, informed Plaintiff she had just called Defendant FLOERKE, and told the Plaintiff "Brandon says you should stop immediately."

86.     Upon hearing that his instructor had now decided he should be denied the full 1.5 time accommodation for his midterm, Plaintiff immediately stopped his efforts to complete the remaining 1/3 of his exam.

COMPLAINT                                           - 17 -

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

87.     As a direct result of Defendants DOBSON, AGUIRRE, SIPPLE and FLOERKE unlawfully denying Plaintiff his approved disability accommodations, Plaintiff was unable to complete the last 1/3 of his exam.  This meant he no longer had a feasible mathematical path to earning an "A" in English 103H, which meant his dream of transferring to UNIVERSITY A or B had now been taken away from him.

88.     As a direct result of this outcome, Plaintiff suffered from an immediate and severe emotional breakdown in the DSS office, which persisted for approximately 30 minutes, during which time the Plaintiff was reduced to openly weeping.

## PRAYER

In addition to the injunctive relief generally described in the introductory body of this complaint, the Plaintiff prays for the following monetary relief:

(1) General Damages

(2) Special Damages

(3) Exemplarity Damages

(4) Medical expenses

(5) Damages for Plaintiff's severe emotional distress

(6) Damages for loss of income and economic opportunity caused by Defendant's conduct

(7) With regard to the claim under the Unruh Civil Rights Act and Disabled Persons Act, Plaintiffs actual damages, and any amount that may be determined by a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the Court in addition thereto.

(8) All available punitive and exemplary damages against the individual defendants.

(9) Attorneys' fees.

(10)     All fees and costs of suit incurred herein.

COMPLAINT                                    - 18 -

1
2
3

PLAINTIFF DEMANDS A JURY TRIAL

4

I declare under penalty of perjury under the laws of the State of California that the

5

foregoing is true and correct

6
7

Date:  October 17th, 2016          _____

8

John Doe
Plainitff in Pro Se

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                                   - 19 -

Exhibit "B"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 1 1 2017

DAVID H. YAMASAKI Clerk of the Court

BY   C. BUSTAMANTE   DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*   (aka INOCCCO)

North Orange County Community College District; Blanca Dobson;
Ruth Sipple; Griselda Aguirre; Brandon Floerke; Paul McKinley; and
Does 1 through 50,
**YOU ARE BEING SUED BY PLAINTIFF:**   Inclusive
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

John Doe

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is.<br>*(El nombre y dirección de la corte es):*  Orange County Superior Court<br><br>700 Civic Center Drive W.<br>Santa Ana, CA 92701 | CASE NUMBER<br>*(Número del Caso):*<br>30-2016-00881634-CU-CR-CJC<br><br>*Judge Horn* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

John Doe 4067 Hardwick St. #184 Lakewood, CA 90712 (818) 330-3139

DATE 9/11/17      **DAVID H. YAMASAKI**   Clerk, by _____, Deputy
*(Fecha)*                                *(Secretario)*   C. BUSTAMANTE        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under. ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit "C"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

John Doe
4067 Hardwick St. #184
Lakewood, CA 90712
TELEPHONE NO.: (818) 330-3139      FAX NO.:
ATTORNEY FOR (Name): Plaintiff in Pro Se

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Drive W.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/17/2016** at 11:58:11 PM

Clerk of the Superior Court
By Giovanni Galon,Deputy Clerk

CASE NAME:
Doe v. North Orange County Community College District et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | 30-2016-00881634-CU-CR-CJC |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder | | JUDGE: Judge Frederick P. Horn |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action (specify): 7

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/17/16

John Doe
(TYPE OR PRINT NAME)                                              ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit "D"

**FW-003**

## Order on Court Fee Waiver
## (Superior Court)

Clerk stamps date here when form is filed.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/17/2016** at 11:58:11 PM

Clerk of the Superior Court
By Giovanni Galon,Deputy Clerk

**(1) Person who asked the court to waive court fees:**

Name: John Doe

Street or mailing address: 4067 Hardwick St #184

City: lakewood          State:   CA     Zip: 90712

**(2) Lawyer, if person in (1) has one** *(name, address, phone number, e-mail, and State Bar number):*

**(3)** A request to waive court fees was filed on *(date):* ___Oct. 17, 2016___

☐ The court made a previous fee waiver order in this case  on *(date):*

*Read this form carefully. All checked boxes ☑ are court orders.*

Fill in court name and street address:

**Superior Court of California, County of Orange**
700 Civic Center Dr W
Santa Ana, CA 92701

Fill in case number and name:

Case Number:
30-2016-00881634-CU-CR-CJC

Case Name:
Doe vs. North Orange

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:     ☒ *Request to Waive Court Fees*      ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☒ The court **grants** your request, as follows:

(1) ☒ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

• Filing papers in Superior Court
• Making copies and certifying copies
• Sheriff 's fee to give notice
• Court fee for phone hearing
• Giving notice and certificates
• Sending papers to another court department
• Court-appointed interpreter in small claims court
• Reporter's fee for attendance at hearing or trial, if reporter provided by the court
• Assessment for court investigations under Probate Code section 1513, 1826, or 1851
• Preparing, certifying, copying, and sending the clerk's transcript on appeal
• Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
• Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other *(specify):*
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2015, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

**FW-003**, Page 1 of 2

Your name: _____

| Case Number: |
| --- |
|  |

b. ☐ The court **denies** your request, as follows:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date below) to:
  - Pay your fees and costs, or
  - File a new revised request that includes the items listed below *(specify incomplete items):*

_____

(2) ☐ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons):* _____

> The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)*, form FW-006. You have **10 days** after the clerk gives notice of this order (see date below) to:
>  - Pay your fees and costs, or
>  - Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. ☐ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility):* _____

_____

☐ Bring the following proof to support your request if reasonably available:_____

| **Hearing Date** → | Date: _____  Time: _____ | Name and address of court if different from page 1: |
| --- | --- | --- |
|  | Dept.: _____  Rm.: _____ | _____ |

> **Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Alan Carlson, Clerk of the Court

Date: __October 17, 2016__

_Giovanni Galon_

_____
*Signature of (check one):* ☐ *Judicial Officer* ☒ *Clerk, Deputy*

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation,* Form MC-410. (Civil Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*   ☐ A certificate of mailing is attached.

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☑ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* __Santa Ana__, California on the date below.

Date: __October 19, 2016__        Clerk, by _Giovanni Galon_, Deputy

Exhibit "E"

# SUPERIOR COURT OF CALIFORNIA

## ORANGE

**700 W. Civic Center DRIVE**

**Santa Ana , CA 92702**

**(657) 622-6878**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

### Case Number: **30-2016-00881634-CU-CR-CJC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. Frederick P. Horn | Central Justice Center | C31 | (657) 622-6878 |
| Hearing: | Date: | Time: | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

**[ x ]  ADR Information attached.**

# SCHEDULING INFORMATION

| |
|---|
| **Judicial Scheduling Calendar Information** |
| Individual courtroom information and the items listed below may be found at: www.occourts.org. |
| Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings. |
| **Ex Parte Matters** |
| Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing. |
| **Noticed Motions** |
|    * The following local Orange County Superior Court rules are listed for your convenience:<br>     - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.<br>     - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)<br>   * All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.<br>   * Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet. |
| **Other Information** |
| Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart. |
| All fees and papers must be filed in the Clerk's Office of the Court Location address listed above. |

Date:  10/18/2016

Giovanni Galon _____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

Exhibit "F"

John Doe
4067 Hardwick St #184
Lakewood, CA 90712
(818) 330-3139
Plaintiff in Pro Se

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/20/2016** at 10:40:00 PM

Clerk of the Superior Court
By Maria Gina Barr, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

CENTRAL JUSTICE CENTER - UNLIMITED CIVIL

JOHN DOE;

       Plaintiff

  vs.

NORTH ORANGE COUNTY
COMMUNITY COLLEGE DISTRICT (aka
"NOCCCD"); BLANCA DOBSON; RUTH
SIPPLE; GRISELDA AGUIRRE;
BRANDON FLOERKE; PAUL MCKINLEY;
and DOES 1 through 50, inclusive

       Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 30-2016-00881634-CU-CR-CJC

**PLAINITFF'S        SUPPLEMENTAL
ADDENDUM TO COMPLAINT**

October 20th, 2016

Plaintiff submits the following supplemental addendum to his original October 17th 2016
complaint.

To Paragraph 1, Plaintiff adds the following:

      (j) ELEVENTH CAUSE OF ACTION: Retaliation, against Defendants

           DOBSON, FLOERKE and MCKINLEY, in their individual and professional

capacities pursuant to California Government Code §820, and against Defendant NORTH ORANGE COUNTY COMMUNTIIY COLLEGE DISTRICT pursuant to California Government Code §815.2 and 815.6.

Starting after paragraph 88, Plaintiff adds the following paragraphs to his statement of factual allegations common to all causes of action:

89.    The Plaintiff's emotional breakdown was so severe that he was in fact unable to perform any work for the remainder of October 17th, 18th, or 19th.  Because of his rigorous schedule, these were the only days available during the entire semester during for the Plaintiff to complete one of his major essay assignments in English 103H.

90.    Thus, as a direct and proximate result of the Defendants actions, Plaintiff now required relief in the form of: (a) assurance that he would be provided with an opportunity to complete his English 103H midterm, and (b) assurance that he would be provided with extra time after the end of the semester to make up the completion of this single essay assignment.

91.    On Monday, October 20th 2014, Plaintiff approached Defendant FLOERKE, after class, and asked to talk about what had happened at DSS and how to remediate it. Despite his knowing that the Plaintiff had been wrongfully denied his accommodations, Defendant FLOERKE refused to act on his mandatory duty to prevent discrimination against and harm to the Plaintiff.  Instead, he waived his hand, and said "We already made an accommodation for you", and "I support whatever DSS did".

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date:  October 20th, 2016                    _____

10/20/16 ADDENDUM TO COMPLAINT                    John Doe
                                                  Plaintiff in Pro Se
                                                  - 2 -

Exhibit "G"

John Doe
4067 Hardwick St #184
Lakewood, CA 90712
(818) 330-3139
Plaintiff in Pro Se

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**11/03/2016** at 09:48:00 PM
Clerk of the Superior Court
By Maria Gina Barr, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

CENTRAL JUSTICE CENTER - UNLIMITED CIVIL

JOHN DOE;

      Plaintiff

  vs.

NORTH ORANGE COUNTY
COMMUNITY COLLEGE DISTRICT (aka
"NOCCCD"); BLANCA DOBSON; RUTH
SIPPLE; GRISELDA AGUIRRE;
BRANDON FLOERKE; PAUL MCKINLEY;
and DOES 1 through 50, inclusive

      Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 30-2016-00881634-CU-CR-CJC

**PLAINITFF'S           SECOND
SUPPLEMENTAL   ADDENDUM   TO
COMPLAINT**

November 3rd, 2016

Plaintiff submits the following supplemental addendum to his original October 17th 2016 complaint.

Plaintiff petitions to add IRMA RAMOS to the named Defendants, and adds the following paragraph to the section of his complaint entitled "PARTIES AND OTHER RELEVANT ENTITIES":

11/3/16 ADDENDUM TO COMPLAINT                - 1 -

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

At all times relevant herein, Defendant IRMA RAMOS was (a) the Vice Chancellor of Defendant NOCCCD; (b) the employee designated to coordinate Defendant NOCCCD's compliance with the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and non-discrimination statutes under California state law; and (c) an employee and agent of Defendant NOCCCD.  Said Defendant is statutorily liable under California Law pursuant to Gov. Code §820 and Civil Code §54.3.

To all named Defendants, Plaintiff adds a charge of liability under California Civil Code §54.3

To Paragraph 1, Plaintiff adds the following:

> (k) TWELVETH CAUSE OF ACTION: Violations of California Civil Code §54.3, against all defendants in their individual and professional capacities.
>
> (l) THIRTEENTH CAUSE OF ACTION: Breach of Contract, against all defendants in their individual and professional capacities.
>
> (m) FOURTEENTH CAUSE OF ACTION: Breach of Implied Covenant of Good Faith and Fair Dealing, against all defendants in their individual and professional capacities.
>
> (n) FIFTHTEENTH CAUSE OF ACTION: Loss of Educational Opportunity, against all defendants in their individual and professional capacities.
>
> (o) SIXTHTEENTH CAUSE OF ACTION: Promissory Estoppel, against all defendants in their individual and professional capacities.

In between Paragraphs 24 and 25, Plaintiff adds the following paragraphs to his statement of factual allegations common to all causes of action:

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

In the summer of 2014, Plaintiff Doe was offered highly specialized training, followed by placement into an employment position that would pay $750 per day.  The nature of both this training and the resulting employment position was highly unique, extraordinary, and not normally available to the general public.

In evaluating whether to accept this lucrative employment offer, Plaintiff DOE relied upon the contractual promises and commitments regarding disability accommodations that had been made to him by Defendants SIPPLE and NOCCCD, and on the basis of such reliance, formed a belief that he would have an equal opportunity to access the benefits of programs and services offered by Defendant NOCCCD necessary to pursue his educational endeavors.  On the basis of this belief, Plaintiff DOE elected to decline this unique offer for specialized training and lucrative employment.

On the basis of the contractual promises and commitments regarding disability accommodations that had been made to him by Defendants SIPPLE and NOCCCD, and his resulting belief he would receive equal opportunity to access the benefits of programs and services offered by Defendant NOCCCD necessary to pursue his educational endeavors, Plaintiff DOE also turned down multiple requests to work during the Fall 2014 semester (many of which were valued at $350 per day).


Starting after paragraph 91, Plaintiff adds the following paragraphs to his statement of factual allegations common to all causes of action:


92.     As a direct and proximate result of the discrimination he was subjected to on October 17th 2014, and the immediate effects of that discrimination on his ability to academically perform, Plaintiff has continued to experience emotional distress until this very day.

93.     During the Fall 2014 semester, this emotional distress became worse with every day that passed without an equitable resolution, and grew to include physical

11/3/16 ADDENDUM TO COMPLAINT          - 3 -

symptoms including, but not limited to, severe sleep disturbances, uncontrollable fits of crying, and disruption of appetite.

94. On November 3rd 2014, Plaintiff traveled to NOCCCD headquarters, and attempted to get an appointment with Defendant RAMOS in order to bring his complaint about this situation to her attention as the District's designated ADA/504 Coordinator.

95. Despite Defendant RAMOS's mandatory obligation to directly receive and investigate complaints of unlawful discrimination under both Federal and State law, defendant RAMOS's assistant Sandy Cotter informed Plaintiff he could not have contact with Defendant RAMOS, unless the Plaintiff first "followed the chain of command" by taking his complaint to Defendant MCKINLEY.

96. On the morning of November 3rd, 2014, Plaintiff met with Defendant FLOERKE in his office to discuss his situation.

97. Defendant FLOERKE informed the Plaintiff that there had been a mistake in the stated point values on the exam, wherein the last question was advertised to be worth 5 points, when it was actually worth 10. FLOERKE stated he had advised the students in class of this mistake on Monday, October 13th 2014.

98. The Plaintiff did not get the benefit of this advisement, and relied upon the mistaken information when making decisions about prioritizing which questions to answer.

99. Defendant FLOERKE again refused to provide the Plaintiff with an opportunity to complete the midterm exam. Defendant FLOERKE instead cited the length of some of the Plaintiff's answers, and stated he thought the real reason Plaintiff had not completed the exam was not the denial of his approved disability accommodations, but the Plaintiff's failure to properly "pace" himself.

100. Defendant FLOERKE also refused to consider giving Plaintiff more time at the end of the semester to make up for the irreplaceable study time Plaintiff had lost due to the severe emotional distress he had suffered from the discrimination he was subjected to.

101. FLOERKE told Plaintiff DOE he could not give an Incomplete without the approval of his division dean, who would not grant approval because Plaintiff's situation

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

didn't meet the requirements to qualify for an Incomplete, which FLOERKE would later go on to describe as being available only in cases of *physical* disability, such as "leukemia" or a "car accident".

102.   On November 5th, 2014, Plaintiff DOE met with Defendant MCKINLEY in his office.

103.   Defendant MCKINLEY began the meeting by declaring he "completely agreed" that in terms of making Plaintiff work in the lobby, the accommodation Plaintiff DOE had received had been inappropriate.  Defendant MCKINLEY informed Plaintiff that he had "already implemented policy changes" to ensure this kind of thing didn't happen again.

104.   Defendant MCKINLEY explained that he had implemented a policy that all students must start their tests in DSS at the same time as their non-disabled peers in the classroom, and that DSS staff must then stop students at pre-determined stop time calculated based on their pre-determined start time.

105.   Plaintiff stated his disagreement with Defendant MCKINLEY's view of the legal appropriateness of this policy.  Plaintiff reminded Defendant MCKINLEY that he had been allowed to take his exam four days later than his class, had been given discretion to set his own start time, and had asked DSS staff to allow him to have his full accommodation time.  Plaintiff DOE argued that absent an individualized demonstration that deducting time was necessary to prevent unfair advantage or undue burden, it had not been lawful to deduct time from his test in this manner.

106.   Plaintiff DOE asked Defendant MCKINLEY to help him secure remediation in the form of an opportunity to complete his midterm, and additional time to complete the classwork he had been unable to focus on due to the emotional distress caused by the discrimination he was subjected to.

107.   Defendant MCKINLEY offered to email Defendant FLOERKE on the Plaintiff's behalf.  In the email Defendant MCKINLEY subsequently sent, he:

(a)   Dropped his initial admission of DSS's wrongdoing for denying the Plaintiff his distraction-free environment accommodation, and instead, blamed the

11/3/16 ADDENDUM TO COMPLAINT          - 5 -

Plaintiff for this accommodation denial, because he had not specifically written the words "private, distraction-reduced room" on his test appointment form.

(b)     Stated the Plaintiff would not have been denied his 1.5 time accommodation, if he had only called the DSS office [which was closed], and spoken to the staff prior to the start of his 8:00 AM testing appointment.

(c)     Made no request (and gave no directions) indicating that remediation was a step that was necessary, warranted, or should even be considered by Defendant FLOERKE.

108.  Defendant MCKINELY would later admit to the Plaintiff, on May 13th 2015, that he had not advocated for remediation for the Plaintiff in this November 5th 2014 email because of the Plaintiff's objections to having his 1.5 time accommodation denied.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date:  November 3rd, 2016          _____

                                  John Doe
                                  Plaintiff in Pro Se

Exhibit "H"

John Doe
4067 Hardwick St #184
Lakewood, CA 90712
(818) 330-3139
Plaintiff in Pro Se

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**11/07/2016** at 11:34:00 PM
Clerk of the Superior Court
By Maria Gina Barr,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

CENTRAL JUSTICE CENTER - UNLIMITED CIVIL

JOHN DOE;                                    ) Case No. 30-2016-00881634-CU-CR-CJC
                                             )
            Plaintiff                        )
     vs.                                     )
                                             )
NORTH ORANGE COUNTY                          )
COMMUNITY COLLEGE DISTRICT (aka              ) **PLAINITFF'S   THIRD   SUPPLEMENTAL**
"NOCCCD"); BLANCA DOBSON; RUTH               ) **ADDENDUM TO COMPLAINT**
SIPPLE; GRISELDA AGUIRRE;                    )
BRANDON FLOERKE; PAUL MCKINLEY;              )
and DOES 1 through 50, inclusive             )
                                             )
            Defendants                       )
_____) November 7th, 2016

Plaintiff submits the following supplemental addendum to his original October 17th 2016

complaint.  Starting after paragraph 108, Plaintiff adds the following paragraphs to his

statement of factual allegations common to all causes of action:

            LOSS OF AND SUBSEQUENT FAILURE TO PROVIDE ACCOMMODATIONS

     108.  Concurrent with the discrimination and resulting emotional distress Plaintiff

experienced as a result of Defendants' intentional denial of his approved disability

accommodations, on the evening of Monday, October 20th 2014, Plaintiff was informed his

Computer Science professor, PROFESSOR E, would be taking an emergency leave of

absence for the remainder of the semester.

11/7/16 ADDENDUM TO COMPLAINT              - 1 -

109.   Plaintiff DOE had specifically sought out, researched, and then used his priority registration to specifically register for PROFESSOR E as a form of disability accommodation, because PROFESSOR E's visual and auditory instructional methodologies was congruent with the limitations of Plaintiff DOE'S learning disabilities. With PROFESSOR E's sudden departure, DOE lost this disability accommodation.

110.   At the time PROFESSOR E's departure, DOE was one of only five students in his class earning an "A".

111.   PROFESSOR E's replacement, PROFESSOR L, had a radically different presentation style, which played directly to the limitations of DOE's learning disabilities.

112.   DOE made numerous attempts to academically adapt by accessing other disability accommodations for which he had been approved, but these efforts were not successful, in part because PROFESSOR L's style was so difficult to comprehend, even DOE's non-disabled student cohorts were unable to organize it into usable notes.

113.   DOE's efforts to academically adapt to PROFESSOR L's radically different communication style included, but were not limited to, asking PROFESSOR L for copies of lecture notes and other material presented in class.

114.   On several occasions throughout the Fall 2014 semester, PROFESSOR L declined to provide DOE with accommodations that he asked for and was approved to receive, in the form of copies of class presentation materials and lecture outline notes.

<u>FAILURE OF DEFENDANT RAMOS TO INTERVENE</u>

115.   After being refused permission on November 3rd 2014 to meet or speak directly with Defendant and District ADA/504 coordinator IRMA RAMOS about the discrimination he had experienced, Plaintiff DOE ended up having a phone conversation with Defendant RAMOS on November 7th 2014, only because his mother (who had a prior professional working relationship with RAMOS) intervened by reaching out to RAMOS.

116.   In this November 7th 2014 phone conversation, Plaintiff DOE informed Defendant RAMOS that:

(a)     He had ADHD and OCD;

(b)     The Fullerton DSS office had denied him both his approved distraction-free environment and 1.5 time accommodations on October 17th 2014,

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

despite his objections, and the lack of any demonstration of any potential fundamental alteration, unfair advantage or undue burden to justify these denials;

(c)     The denial of his approved accommodations had had an adverse impact not only on the test he took on October 17th 2014, but that it was continuing to have an adverse impact on his ability to academically perform in general;

(d)     He had met with his instructor, Defendant FLOERKE, and advised RAMOS of Defendant FLOERKE's statements and positions refusing to provide him with relief;

(e)     He had met with the Fullerton DSS Director, Defendant MCKINLEY, and advised RAMOS of Defendant MCKINLEY's statements and positions refusing to provide him with relief;

(f)     He felt there was an ongoing ADA/504 compliance problem at Fullerton DSS, and that members of the disabled student community at Fullerton were being unreasonably denied accommodations, as a result of overly harsh enforcement of policies and procedures which did not meet legal standards;

(g)     He was suffering, needed remediation, and that no one was supporting him in getting remediation.

117.   In reply, **Defendant RAMOS, Vice Chancellor of Human Resources and the designated ADA/504 coordinator for Defendant NORTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT, told Plaintiff DOE that she was "in HR", had "no place in instruction", and did not know how she could help him.**

118.   In reply, Plaintiff reminded RAMOS she was the district's ADA/504 coordinator, and that he thought a case of not providing accommodations would therefore fall under her purview as ADA/504 coordinator.

119.   RAMOS then told the Plaintiff that

(a)     He was correct; she was "the ADA/504 coordinator";

(b)     Her own daughter had experienced a similar issue, wherein DSS had withheld the full benefit of approved accommodations, under circumstances that did

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

not appear to demonstrate a need to do so in order to to prevent fundamental alteration, unfair advantage or undue burden;

    (c)    She would "talk to [Defendant MCKINLEY] about process".

    (d)    Instead of taking his complaint to RAMOS, Plaintiff should instead take his complaint back to Defendant MCKINLEY, and then **appeal his complaint through the normal Dean and Vice President "chain of command".**

120.    As the Plaintiff had already taken the issue to both Defendants FLOERKE and MCKINLEY, Defendant RAMOS'S refusal to exercise her mandatory duty, to intervene as the District ADA/504 coordinator to remediate an obvious case of discrimination, sentenced the Plaintiff to continuing distress, and obligated him to continue diverting further time away from his studies, in order to continue appealing his mistreatment through the "chain of command".

121.    At no point did Defendant RAMOS advise the Plaintiff of his right to file a formal complaint, the procedures for doing so, or his right to file a complaint with the Office of Civil Rights of the U.S. Department of Education ("OCR").

122.    Defendant RAMOS still did not undertake appropriate efforts to investigate or resolve Plaintiff's situation, even after the discrimination he experienced was brought to her direct attention, despite her assistant's prior refusal to allow Plaintiff to speak or meet with Defendant and District ADA/504 coordinator RAMOS directly for that purpose.

123.    Defendant RAMOS's conduct was deliberately indifferent to the suffering she knew or reasonably should have known Plaintiff was experiencing, as a result of unlawful discrimination which she had a legal mandate to both maintain an "open door" policy to learn about, and intervene to stop once she became aware of.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  November 7th, 2016    _____

    John Doe
    Plaintiff in Pro Se

11/7/16 ADDENDUM TO COMPLAINT    - 4 -

Exhibit "I"

1
2
3
4
5
6

John Doe
4067 Hardwick St #184
Lakewood, CA 90712
(818) 330-3139
Plaintiff in Pro Se

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**11/14/2016** at 11:57:00 PM
Clerk of the Superior Court
By Davon Velasquez, Deputy Clerk

7

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

8

CENTRAL JUSTICE CENTER - UNLIMITED CIVIL

9

| | |
|---|---|
| 10 JOHN DOE; | ) Case No. 30-2016-00881634-CU-CR-CJC |
| 11 | ) |
| 12       Plaintiff | ) |
| 13   vs. | ) |
| 14 NORTH ORANGE COUNTY | ) |
| 15 COMMUNITY COLLEGE DISTRICT (aka | ) **PLAINITFF'S          FOURTH** |
|   "NOCCCD"); BLANCA DOBSON; RUTH | ) **SUPPLEMENTAL    ADDENDUM    TO** |
| 16 SIPPLE; GRISELDA AGUIRRE; | ) **COMPLAINT** |
| 17 BRANDON FLOERKE; PAUL MCKINLEY; | ) |
| 18 and DOES 1 through 50, inclusive | ) |
| 19       Defendants | ) |
| 20 _____ | ) November 14th, 2016 |

21    Plaintiff submits the following supplemental addendum to his original October 17th 2016

22    complaint.

23

24    Plaintiff petitions to add DAN WILLOUGHBY and JOSE NÚÑEZ to the named

25    Defendants, and adds the following paragraphs to the section of his complaint entitled

26    "PARTIES AND OTHER RELEVANT ENTITIES":

27        At all times relevant herein, Defendant DAN WILLOUGHBY was (a) Dean of

28    the Humanities Department at Fullerton Community College; and (b) an employee

and agent of Defendant NOCCCD.  Said Defendant is statutorily liable under California Law pursuant to Gov. Code §820 and Civil Code §54.3.

At all times relevant herein, Defendant JOSE NÚÑEZ was (a) Vice President of Instruction at Fullerton Community College; and (b) an employee and agent of Defendant NOCCCD.  Said Defendant is statutorily liable under California Law pursuant to Gov. Code §820 and Civil Code §54.3.

Starting after paragraph 124, Plaintiff adds the following paragraphs to his statement of factual allegations common to all causes of action:

125.   Throughout this period, Plaintiff repeatedly attempted to obtain relief for his situation from Defendant FLOURKE, but Defendant FLOURKE remained unwilling to provide relief, and gave no indication that he had any intention of changing his mind.  This remained FLOREKE's observable position as late as the morning of November 14th 2014.

126.   Defendant FLOURKE also repeatedly told Plaintiff that he could not give the Plaintiff the additional post-semester study time relief he was requesting via an Incomplete, because at Fullerton College, division deans have to approve all Incompletes.  FLOURKE stated his dean would not do so in the Plaintiff's situation.

127.   Plaintiff therefore attempted to set a meeting with DAN WILLOUGHBY, the Dean of Humanities and Defendant FLOURKE's supervisor, on at least three occasions.  On every occasion, Plaintiff DOE explained the disability discrimination issue at hand, but WILLOUGHBY's staff refused to let DOE meet or speak with WILLOUGHBY, unless DOE first met with the English Department chair.

128.   Plaintiff DOE could not meet with the English Department chair, because the chair was not available during the brief windows of time Plaintiff DOE had on the Fullerton campus during the Fall 2014 semester.

129.   Because the Plaintiff could not get an appointment with WILLOUGHBY, he attempted to get an appointment with Vice President of Instruction and Defendant JOSE NÚÑEZ.

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

130.  Like the assistants for Defendants RAMOS and WILLOUGHBY, defendant NÚÑEZ's assistant refused to allow the Plaintiff to meet or speak with NÚÑEZ.

131.  On Friday, November 14th, Plaintiff met with Fullerton Interim Vice President of Student Services DR. SAVANNAH JONES, and in a tearful, highly emotional conversation, explained what had been occurring to him.

132.  The Plaintiff informed DR. JONES about the severe emotional distress he was experiencing, and the physical and psychological symptoms he was experiencing as a result of that distress, including but not limited to:

    (a)    Psychological symptoms, including but not limited to

        i.    Obsessive thoughts about the discrimination Plaintiff experienced, including

            1.    Reliving the event over and over in his mind

            2.    Inability to focus on academic lectures, or anything else other than pondering / rehearsing what Plaintiff needed to do, who he needed to talk to, or what he needed to say to secure full remediation for the discrimination he had experienced.

        ii.    Deep depression

        iii.    Crying "all the time"

        iv.    Suicidal ideations

    (b)    Physical symptoms, including but not limited to

        i.    Disruption in sleep / wake patterns, including inability to sleep at night

        ii.    Loss of appetite

        iii.    Loss of energy

133.  Plaintiff explained to DR. JONES the impact this distress and these symptoms were having on his ability to function and maintain his studies at both Fullerton Community College and Long Beach City College.

134.  Plaintiff explained to DR. JONES that he needed the following relief immediately, and asked for her help in securing the same:

    (a)    an opportunity to complete his English 103H midterm, without denial of his disability accommodations, and

    (b)    an Incomplete in English 103H at the end of the semester, so he could make up for the study time that had been lost due to the

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

discrimination he had experienced, and his ensuing severe emotional distress and inability to function.

135.   Plaintiff explained to DR. JONES how Defendant FLOERKE claimed he could not provide the Plaintiff with relief via an Incomplete because FLOERKE could not get the approval of WILLOUGHBY to do so, and the Plaintiff's unsuccessful efforts to then meet with both WILLOUGHBY and Vice President of Instruction Defendant NÚÑEZ.  In view of these unsuccessful efforts, the Plaintiff asked DR. JONES to call Defendant NÚÑEZ, and ask NÚÑEZ to meet with the Plaintiff about his request.

136.   DR. JONES stated she would not call and speak with Defendant NÚÑEZ.

137.   DR. JONES did agree to call Defendant FLOURKE, and did so in the Plaintiff's presence.  DR. JONES told Defendant FLOURKE that Plaintiff DOE was in her office, and "very upset".  DR. JONES asked Defendant FLOURKE if he would meet with the Plaintiff to discuss his concerns.  DR. JONES was very clear to state to Defendant FLOURKE that she was not telling him what he needed to do in response to the Plaintiff's complaint.

138.   Following this phone call by DR. JONES, Plaintiff met with Defendant FLOURKE in his office on the afternoon of Friday, November 14th 2014.

139.   In this meeting, Plaintiff DOE explained to Defendant FLOERKE that in the 28 days between when the Plaintiff was discriminated against on October 17th 2014, and this November 14th 2014 meeting, the repeated failures of numerous stakeholders within Defendant NORTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT to agree to provide the Plaintiff with *complete* remediation, in a _timely_ manner, had subjected Plaintiff DOE to living with the severe emotional distress of knowing he had being denied an equal opportunity, the basis of his disability, to perform to his true academic potential.

140.   Plaintiff explained to Defendant FLOERKE that this denial of equal opportunity, as well as the associated the severe emotional distress, had now effectively ended Plaintiff DOE'S ability to achieve his academic goal of demonstrating competitive fitness for transfer to UNIVERSITY A or B, and thereby seriously imperiled Plaintiff's ability to achieve his larger career and life goals.

141.   Plaintiff explained to Defendant FLOERKE that because of the study time DOE had lost having to research law, plan arguments, talk to various administrators, as

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

well as being emotionally overwhelmed and unable to focus as a result of the severe distress he was being subjected to by the Defendants, DOE had been unable to maintain his workload in several classes, and thus now needed an Incomplete from Defendant FLOERKE more than ever, in order to try to contain and repair the academic damage.

142.   Plaintiff DOE detailed to Defendant FLOERKE the extent and symptoms of the severe emotional distress he had endured as a result of the discrimination he had experienced, including but not limited to the symptoms as described in Paragraph 132 above.

143.   Plaintiff explained to Defendant FLOERKE how this distress was impeding his ability to work not only in FLOERKE'S class, but his other classes as well.   DOE explained he would not have time in the semester to make up his lost work time in FLOERKE'S class, while also managing his workload in his other classes.

144.   Plaintiff then again asked Defendant FLOERKE to provide him with full relief, in the form of both an opportunity to complete his exam, and an Incomplete at the end of the semester, so that the Plaintiff would be able to make up for the study time he had lost as a result of the discrimination and severe emotional distress he had been subjected to.

145.   Defendant FLOERKE finally agreed to allow the Plaintiff to complete his midterm exam, but still refused to commit to provide the Plaintiff with additional post-semester study time via an Incomplete.   Defendant FLOERKE stated:

    (a)    his Dean, WILLOUGHBY, would not allow him to give an Incomplete;

    (b)    Incompletes were only available for things like serious *physical* ailments; and

    (c)    he "just didn't see" Plaintiff DOE's need for an Incomplete.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  November 14th, 2016

_____
John Doe
Plaintiff in Pro Se

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

Exhibit "J"

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
|---|---|
| PLANTIFF:John Doe | Nov 15, 2016 |
| DEFENDANT:North Orange County Community College District et.al. | ALAN CARLSON, Clerk of the Court<br>By: Elizabeth Flores, Deputy |
| Short Title: Doe vs. North Orange County Community College District | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2016-00881634-CU-CR-CJC |

Please take notice that a(n),Case Management Conference  has been scheduled for hearing on 02/14/2017 at 09:00:00 AM in Department C31  of this court, located at  Central Justice Center .

Clerk of the Court,  By: _Elizabeth Flores_ _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** Doe vs. North Orange County Community College District

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>30-2016-00881634-CU-CR-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>11/15/2016</u>. Following standard court practice the mailing will occur at <u>Sacramento, California</u> on <u>11/16/2016</u>.

Clerk of the Court, by: _____ , Deputy

JOHN DOE
4067 HARDWICK STREET
LAKEWOOD, CA 90712

Exhibit "K"

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana, CA  92701<br>BRANCH NAME:   Central Justice Center | *FOR COURT USE ONLY* |
|---|---|
| SHORT TITLE: Doe vs. North Orange County Community College District | |
| **NOTICE OF REJECTION OF ELECTRONIC FILING** | CASE NUMBER:<br>30-2016-00881634-CU-CR-CJC |

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of Orange

## E-Filing Summary Data

Electronically Submitted By: John Doe
On Behalf of:

Transaction Number:     2527960
Court received Date:     02/02/2017
Court received Time:     02:43:56 PM
Amount not to Exceed:    $0.00

## Documents Electronically Filed

Summons

This electronic filing was rejected based on the following reason(s):

**Reject Reason 1:**  other
Clerk's Comments to Submitter:
Summons must be completed for filing.

## E-Filing Service Provider Information

Name:                Intresys
Email:               CustomerService@turbocourt.com
Contact Person:  Customer Support
Phone:               6503721790

Exhibit "L"

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange

**02/02/2017** at 03:01:32 PM
Clerk of the Superior Court
By Giovanni Galon, Deputy Clerk

**CM-020**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
John Doe
4067 Hardwick Street #184
Lakewood, CA 90712

TELEPHONE NO.:  (818) 330-3139       FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:   Plaintiff in Pro Se

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS:  700 W. Civic Center Drive
MAILING ADDRESS:  700 W. Civic Center Drive
CITY AND ZIP CODE:  Santa Ana 92701
BRANCH NAME:  Central Justice Center

PLAINTIFF/PETITIONER:  John Doe

DEFENDANT/RESPONDENT:  North Orange County Community College Dist

| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER: 30-2016-00881634-CU-CR-CJC |
|---|---|
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE: DEPT.: C31     TIME: |

1. Applicant *(name)*:  John Doe
   is
   a. ☑ plaintiff
   b. ☐ cross-complainant
   c. ☐ petitioner
   d. ☐ defendant
   e. ☐ cross-defendant
   f. ☐ respondent
   g. ☐ other *(describe)*:

2. The complaint or other initial pleading in this action was filed on *(date)*:  October 17th 2016

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☑ Complaint
   b. ☐ Cross-complaint
   c. ☐ Petition
   d. ☐ Answer or other responsive pleading
   e. ☑ Other *(describe)*:
      Supplemental addendums to complaint, numbers one through four

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date)*:

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☑ None
   b. ☐ The following *(describe all, including the length of any previous extensions)*:

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each)*:
   North Orange County Community College District; Blanca Dobson; Ruth Sipple; Griselda Aguirre;
   Brandon Floerke; Paul McKinley; Irma Ramos; Dan Willoughby; Jose Núñez; DOES 1 through 50

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Cal. Rules of Court,
rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| Doe v. North Orange County Community College District et al. | 30-2016-00881634-CU-CR-CJC |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

    ☑ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

    ☑ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:
    May 14th, 2017

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☑ is not required *(state reasons)*:
    The Defendants have not been served with the complaint, are not under any lawful deadline to take any action, and it is thus unforeseeable that they would have any objection to continuing a case management conference for a complaint and supplemental addendums they are aware of and have seen (they made contact via phone in early November to discuss settlement), but have not yet been formally served a copy of.
    ☐ Continued on Attachment 10.

11. Number of pages attached: _3_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  February 1st, 2017

John Doe
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

▶ *[signature]* John Doe
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below or ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.
2. The pleading must be served and filed no later than *(date)*:
3. ☐ The case management conference is rescheduled to:
    a. Date:
    b. Time:
    c. Place:
4. Other orders:
5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

| | | |
|---|---|---|
| CM-020 [Rev. January 1, 2008] | **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS** | Page 2 of 2 |

## ATTACHMENTS 7 AND 8, COMBINED

Since the initial complaint was filed on October 17th 2016, this case has become related to and intertwined with a parallel case that had to be subsequently filed in Los Angeles Superior Court, and additional defendants have been added here in Orange County.  As a result, the present original complaint as drafted by the Plaintiff in Pro Se is incomplete, and the Plaintiff suspects it is also defective from a technical (if not narratively stylistic) standpoint.  The Plaintiff has therefore not served the complaint, because serving the complaint in this condition would result in confusion that will waste the resources of, and impose an unnecessary burden on, both the Defendants and the Court.  The likely response would be a swift demurrer or motion to dismiss, and as the statute of limitations for filing has now passed, this would mean effectively barring the Plaintiff from any ability to obtain a just civil resolution for his serious injuries and grievances; the misconduct of these Orange County Defendants has left the Plaintiff's permanent mental disabilities in a state of aggravation so severe, he is unable to effectively comport and manage the prosecution or defense of his own best interests, in what has now become a complex case.  In addition to these calculated reasons for not serving the complaint in its present condition, the pro se Plaintiff was not previously aware of the existence of rules governing the time for service, or the timing of filing a request for extension of that time.

Despite the lack of formal service, the Plaintiff is informed that these Orange County Defendants are aware of and have seen the Complaint, as they had their insurance carrier call the Plaintiff to discuss settlement in early November 2016.  However, the Plaintiff continues to suffer from severe mental distress and injury as a result of these Defendant's actions, and is not capable of effectively conducting those settlement discussions himself.

The Plaintiff needs more time to secure the effective assistance of counsel to produce an amended complaint that cures the technical drafting defects of the original, and then simultaneously serve both the original and amended complaints upon the Defendants.

ATTACHMENTS 7 AND 8 COMBINED                    - 1 -

This will allow the Defendants to address and prepare an answer to the Plaintiff's complaint in an orderly manner, without wasting resources, or burdening the Court with unnecessary filings and hearings.

   The Plaintiff has been diligent in his efforts to secure the effective assistance of counsel, but needs more time to complete the process of doing so.  His efforts have been slowed by his disabilities, as the actions of the Defendants have left his OCPD symptoms so aggravated and inflamed, he is unable to reduce an explanation of their extensive, months-long course of misconduct down to a brief narrative.  This has structurally impeded his ability to meet the basic requirement to even get in the door to discuss his case: reducing an explanation to a few paragraphs on a standardized intake form.

   By way of briefly informing the court as to the nature of the Plaintiff's efforts thus far, attorneys at the *public interest litigation* organizations Disability Rights California, Disability Rights Advocates, Disability Rights Legal Center, Public Counsel, and several smaller organizations have all expressed sympathy, but have not committed to offer assistance, because their organizations generally only accept education cases involving K-12 students.  Similarly, the vast majority of private plaintiffs *education* attorneys restrict their practice to children in the K-12 system, and have refused to help the Plaintiff because he is a college student; of those who do handle college cases, all have thus far said they either do not offer services beyond mediation and administrative law, or cannot afford to take the Plaintiff's case, again because the Defendant's lengthy pattern of misconduct have made the fact pattern so complex, the resources required to litigate his case outstrip the resources they can devote as sole practitioners.  The members of the plaintiffs bar who handle *disability discrimination* cases generally only handle such cases in an Title I ADA employment context, and those that the Plaintiff has spoken to have all declined his case because it arises out of a Title II ADA setting in an educational environment.

ATTACHMENTS 7 AND 8 COMBINED                - 2 -

The Plaintiff has just within the last week finally been able to make contact with the ACLU, and is currently awaiting an opportunity to discuss his matter with the education and disability rights teams in that organization.

If this Court notices a certain rambling detail in even this explanation, that is the symptomology of the Plaintiff's OCPD disability asserting itself. The Plaintiff does not lack in intellectual ability or academic merit, but needs accommodations to manage his disability conditions.  These Defendants cruelly and deliberately withheld his approved disability accommodations without any lawful justification, then refused to act on their mandatory duty to provide comprehensive equitable remediation in a timely manner, triggering a serious mental health crisis that escalated with every day of the Defendants' refusal to provide relief.  Instead of acting reasonably to simply resolve the Plaintiff's growing distress at an early stage as repeatedly requested, these Defendants were deliberately indifferent, and to this day continue to defend and maintain the unlawful and inappropriate practices and policies that led to this situation in the first place.

Thus, while the pro se Plaintiff's need for additional time to secure the effective assistance of counsel, prepare a properly amended complaint that encompasses all defendants, and then serve all documents filed thus far is a deviation from the ordinary rules for service, it is in fact the byproduct of the disability barriers the Plaintiff is suffering from, as a result of the Defendants' extensive pattern of wrongdoing and indifference.

The Plaintiff therefore prays this Court will grant an extension of time to Serve, and agree to continue the Case Management Conference until that service has been affected.

JOHN DOE
PLA NT FF  N PRO SE
4067 HARDW CK ST #184
LAKEWOOD  CA 90712
(818) 330 3139

Exhibit "M"

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
02/02/2017 at 03:01:32 PM
Clerk of the Superior Court
By Giovanni Galen, Deputy Clerk

**CM-020**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>John Doe<br>4067 Hardwick Street #184<br>Lakewood, CA 90712<br><br>TELEPHONE NO.: (818) 330-3139   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff in Pro Se | **FOR COURT USE ONLY**<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>**FEB 06 2017**<br><br>DAVID H. YAMASAKI, Clerk of the Court<br><br>BY *J Howard* DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS  700 W. Civic Center Drive
MAILING ADDRESS  700 W. Civic Center Drive
CITY AND ZIP CODE  Santa Ana 92701
BRANCH NAME:  Central Justice Center

PLAINTIFF/PETITIONER:  John Doe

DEFENDANT/RESPONDENT:  North Orange County Community College Dist

| | |
|---|---|
| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE<br>PLEADING AND ☐ ORDER EXTENDING TIME TO SERVE AND<br>☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>30-2016-00881634-CU-CR-CJC |
| Note: This ex parte application will be considered without a personal appearance.<br>(See Cal. Rules of Court, rule 3.1207(2).) | HEARING DATE:<br>DEPT C31    TIME: |

1. Applicant *(name)*:  John Doe
   is
   a. ☑  plaintiff
   b. ☐  cross-complainant
   c. ☐  petitioner
   d. ☐  defendant
   e. ☐  cross-defendant
   f. ☐  respondent
   g. ☐  other *(describe)*:

2. The complaint or other initial pleading in this action was filed on *(date)*:   October 17th 2016

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☑  Complaint
   b. ☐  Cross-complaint
   c. ☐  Petition
   d. ☐  Answer or other responsive pleading
   e. ☑  Other *(describe)*:
       Supplemental addendums to complaint, numbers one through four

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date)*:

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☑  None
   b. ☐  The following *(describe all, including the length of any previous extensions)*:

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each)*:
   North Orange County Community College District; Blanca Dobson; Ruth Sipple; Griselda Aguirre;
   Brandon Floerke; Paul McKinley; Irma Ramos; Dan Willoughby; Jose Núñez; DOES 1 through 50

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Cal. Rules of Court,
rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| Doe v. North Orange County Community College District et al. | 30-2016-00881634-CU-CR-CJC |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

☑ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

☑ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*
May 14th, 2017

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☑ is not required *(state reasons):*
The Defendants have not been served with the complaint, are not under any lawful deadline to take any action, and it is thus unforeseeable that they would have any objection to continuing a case management conference for a complaint and supplemental addendums they are aware of and have seen (they made contact via phone in early November to discuss settlement), but have not yet been formally served a copy of.
☐ Continued on Attachment 10.

11. Number of pages attached: _3_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  February 1st, 2017

John Doe
_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

► _John Doe_
_____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☒ granted ☐ denied.
2. The pleading must be served and filed no later than *(date):* 5/14/17
3. ☒ The case management conference is rescheduled to:
   a. Date: 6/6/17
   b. Time: 9:00am
   c. Place: Dept C91, 700 Civic Center Dr. West, Santa Ana, CA 92701
4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date: 2/6/17

_____
JUDICIAL OFFICER
FREDERICK P. HORN

CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME**
**TO SERVE PLEADING AND ORDERS**

Page 2 of 2

## ATTACHMENTS 7 AND 8, COMBINED

Since the initial complaint was filed on October 17th 2016, this case has become related to and intertwined with a parallel case that had to be subsequently filed in Los Angeles Superior Court, and additional defendants have been added here in Orange County. As a result, the present original complaint as drafted by the Plaintiff in Pro Se is incomplete, and the Plaintiff suspects it is also defective from a technical (if not narratively stylistic) standpoint. The Plaintiff has therefore not served the complaint, because serving the complaint in this condition would result in confusion that will waste the resources of, and impose an unnecessary burden on, both the Defendants and the Court. The likely response would be a swift demurrer or motion to dismiss, and as the statute of limitations for filing has now passed, this would mean effectively barring the Plaintiff from any ability to obtain a just civil resolution for his serious injuries and grievances; the misconduct of these Orange County Defendants has left the Plaintiff's permanent mental disabilities in a state of aggravation so severe, he is unable to effectively comport and manage the prosecution or defense of his own best interests, in what has now become a complex case. In addition to these calculated reasons for not serving the complaint in its present condition, the pro se Plaintiff was not previously aware of the existence of rules governing the time for service, or the timing of filing a request for extension of that time.

Despite the lack of formal service, the Plaintiff is informed that these Orange County Defendants are aware of and have seen the Complaint, as they had their insurance carrier call the Plaintiff to discuss settlement in early November 2016. However, the Plaintiff continues to suffer from severe mental distress and injury as a result of these Defendant's actions, and is not capable of effectively conducting those settlement discussions himself.

The Plaintiff needs more time to secure the effective assistance of counsel to produce an amended complaint that cures the technical drafting defects of the original, and then simultaneously serve both the original and amended complaints upon the Defendants.

JOHN DOE
PLAINTIFF IN PRO SE
4087 HARDW CK ST #184
LAKEWOOD CA 90712
(818) 330 3139

This will allow the Defendants to address and prepare an answer to the Plaintiff's complaint in an orderly manner, without wasting resources, or burdening the Court with unnecessary filings and hearings.

   The Plaintiff has been diligent in his efforts to secure the effective assistance of counsel, but needs more time to complete the process of doing so.  His efforts have been slowed by his disabilities, as the actions of the Defendants have left his OCPD symptoms so aggravated and inflamed, he is unable to reduce an explanation of their extensive, months-long course of misconduct down to a brief narrative.  This has structurally impeded his ability to meet the basic requirement to even get in the door to discuss his case: reducing an explanation to a few paragraphs on a standardized intake form.

   By way of briefly informing the court as to the nature of the Plaintiff's efforts thus far, attorneys at the *public interest litigation* organizations Disability Rights California, Disability Rights Advocates, Disability Rights Legal Center, Public Counsel, and several smaller organizations have all expressed sympathy, but have not committed to offer assistance, because their organizations generally only accept education cases involving K-12 students.  Similarly, the vast majority of private plaintiffs *education* attorneys restrict their practice to children in the K-12 system, and have refused to help the Plaintiff because he is a college student; of those who do handle college cases, all have thus far said they either do not offer services beyond mediation and administrative law, or cannot afford to take the Plaintiff's case, again because the Defendant's lengthy pattern of misconduct have made the fact pattern so complex, the resources required to litigate his case outstrip the resources they can devote as sole practitioners.  The members of the plaintiffs bar who handle *disability discrimination* cases generally only handle such cases in an Title I ADA employment context, and those that the Plaintiff has spoken to have all declined his case because it arises out of a Title II ADA setting in an educational environment.

ATTACHMENTS 7 AND 8 COMBINED                    - 2 -

JOHN DOE
PLANTFF N PRO SE
4067 HARDW CK ST #184
LAKEWOOD CA 90712
(818) 330 3139

The Plaintiff has just within the last week finally been able to make contact with the ACLU, and is currently awaiting an opportunity to discuss his matter with the education and disability rights teams in that organization.

If this Court notices a certain rambling detail in even this explanation, that is the symptomology of the Plaintiff's OCPD disability asserting itself. The Plaintiff does not lack in intellectual ability or academic merit, but needs accommodations to manage his disability conditions.  These Defendants cruelly and deliberately withheld his approved disability accommodations without any lawful justification, then refused to act on their mandatory duty to provide comprehensive equitable remediation in a timely manner, triggering a serious mental health crisis that escalated with every day of the Defendants' refusal to provide relief.  Instead of acting reasonably to simply resolve the Plaintiff's growing distress at an early stage as repeatedly requested, these Defendants were deliberately indifferent, and to this day continue to defend and maintain the unlawful and inappropriate practices and policies that led to this situation in the first place.

Thus, while the pro se Plaintiff's need for additional time to secure the effective assistance of counsel, prepare a properly amended complaint that encompasses all defendants, and then serve all documents filed thus far is a deviation from the ordinary rules for service, it is in fact the byproduct of the disability barriers the Plaintiff is suffering from, as a result of the Defendants' extensive pattern of wrongdoing and indifference.

The Plaintiff therefore prays this Court will grant an extension of time to Serve, and agree to continue the Case Management Conference until that service has been affected.

JOHN DOE
PLANTFF N PRO SE
4067 HARDW CK ST #1B4
LAKEWOOD  CA 90712
(618) 330 3139

Exhibit "N"

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Doe vs. North Orange County Community College District

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER: 30-2016-00881634-CU-CR-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 02/07/17 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 2/7/17. Following standard court practice the mailing will occur at Sacramento, California on 2/8/17.

JOHN DOE
4067 HARDWICK STREET
LAKEWOOD, CA 90712

Clerk of the Court, by: _JWHoward_, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 02/07/17, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on February 7, 2017, at 2:07:11 PM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

JOHN DOE
JOHNDOEOC@PROTONMAIL.COM

Clerk of the Court, by: _JWHoward_, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

Code of Civ. Procedure , § CCP1013(a)

Exhibit "O"

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 02/07/2017                     TIME: 02:01:00 PM          DEPT:  C31

JUDICIAL OFFICER PRESIDING: Frederick P. Horn
CLERK:  Julie Howard
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  Elizabeth Flores

CASE NO: **30-2016-00881634-CU-CR-CJC**  CASE INIT.DATE: 10/17/2016
CASE TITLE: **Doe vs. North Orange County Community College District**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Civil Rights

EVENT ID/DOCUMENT ID: 72529517
**EVENT TYPE**: Chambers Work

**APPEARANCES**

There are no appearances by any party.

Ex Parte Application For Extension of Time to Serve and File and Orders submitted by Plaintiff is read and considered.

Ex Parte Application is GRANTED.

The Case Management Conference is continued to 06/06/2017 at 09:00 AM in this department.

Service of Defendants to be completed by 05/14/2017.

Court orders Clerk to give notice.

Exhibit "P"

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Doe vs. North Orange County Community College District

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER: **30-2016-00881634-CU-CR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 06/06/17 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 6/12/17. Following standard court practice the mailing will occur at Sacramento, California on 6/13/17.

JOHN DOE
4067 HARDWICK STREET
LAKEWOOD, CA 90712

Clerk of the Court, by: _JWHoward_, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 06/06/17, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on June 12, 2017, at 2:30:36 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

JOHN DOE
JOHNDOEOC@PROTONMAIL.COM

Clerk of the Court, by: _JWHoward_, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                            Code of Civ. Procedure , § CCP1013(a)

Exhibit "Q"

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

## MINUTE ORDER

DATE: 06/06/2017                    TIME: 09:00:00 AM          DEPT: C31

JUDICIAL OFFICER PRESIDING: Frederick P. Horn
CLERK: Julie Howard
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Elizabeth Flores

CASE NO: **30-2016-00881634-CU-CR-CJC** CASE INIT.DATE: 10/17/2016
CASE TITLE: **Doe vs. North Orange County Community College District**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Civil Rights

EVENT ID/DOCUMENT ID: 72529525
**EVENT TYPE**: Case Management Conference

## APPEARANCES

There are no appearances by any party.

The Court now schedules an Order to Show Cause re: Sanctions/Dismissal for Plaintiff's failure to appear at today's hearing for 07/11/2017 at 09:00 AM in Department C31. Plaintiff is ordered to file a declaration at least ten days prior to said hearing date explaining the failure to appear and why sanctions should not be ordered.

Court orders Clerk to give notice.

Exhibit "R"

RECEIVED
SUPERIOR COURT OF CALIFORNIA
CENTRAL JUSTICE CENTER

**CM-020**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
John Doe
4067 Hardwick St. #184
Lakewood, CA 90712

JUN 06 2017

TELEPHONE NO.: (818) 330-3139     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*   Plaintiff in Pro Se

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Orange
STREET ADDRESS: 700 W. Civic Center Drive
MAILING ADDRESS: 700 W. Civic Center Drive
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: John Doe

DEFENDANT/RESPONDENT: North Orange County Community College Dist

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUN 14 2017**

DAVID H. YAMASAKI, Clerk of the Court

BY: J Howard ,DEPUTY

| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ☑ ORDER EXTENDING TIME TO SERVE AND ☑ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER: 30-2016-00881634-CU-CR-CJC |
|---|---|
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE: DEPT: C31     TIME: 8:30 AM |

1. Applicant *(name):* John Doe
   is
   a. ☑ plaintiff
   b. ☐ cross-complainant
   c. ☐ petitioner
   d. ☐ defendant
   e. ☐ cross-defendant
   f. ☐ respondent
   g. ☐ other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):*   October 17th 2016

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☑ Complaint
   b. ☐ Cross-complaint
   c. ☑ Petition
   d. ☐ Answer or other responsive pleading
   e. ☑ Other *(describe):*

   Summons, Supplemental addendums to complaint, numbers one through four

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):*   June 5th, 2017

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☐ None
   b. ☑ The following *(describe all, including the length of any previous extensions):*

   Extension of time to serve to May 14 2017 granted February 14 2017

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*

   North Orange County Community College District; Blanca Dobson; Ruth Siple; Griselda Aguirre;
   Brandon Floerke; Paul McKinley; Irma Ramos; Dan Willoughby; Jose Nunez, DOES 1 through 50

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Cal. Rules of Court,
rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| John Doe v. North Orange County Community College District et al. | 30-2016-00881634-CU-CR-CJC |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

See attached sheets

☑ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

See attached sheets

☑ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:

September 7th, 2017

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☑ is not required *(state reasons)*:

The Defendants have not been served with the complaint, are not under any lawful deadline to take any action, and it is thus unforseeable that they would have any objection to granting an extension of time to serve and CMC for a complaint they are aware of and have seen (they made contact via phone in early November to discuss settlement), but have not yet been formally served a copy of.

☐ Continued on Attachment 10.

11. Number of pages attached: 3

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 5th, 2017

| John Doe | ► | *John Doe* |
|---|---|---|
| (TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT) | | (SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT) |

**Order on Application is** ☒ **below** ☐ **on a separate document.**

## ORDER

1. The application for an order extending time to serve and file the pleading is ☒ granted ☐ denied.
2. The pleading must be served and filed no later than *(date)*: 9/7/17
3. ☒ The case management conference is rescheduled to:
   a. Date: 9/12/17
   b. Time: 9:00am
   c. Place: Dept. C71 (Address as stated above)
4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date: 6/14/17

_____
JUDICIAL OFFICER
**FREDERICK P. HORN**

## ATTACHMENTS 7 AND 8, COMBINED

Since the Plaintiff was granted an extension of time to serve on February 14 2017, he has continued his efforts to secure the effective assistance of counsel, but has been unsuccessful in those efforts, and needs additional time to do so.  The Plaintiff was wrapping up the preparation of this request for additional time on the evening of May 14th 2017, when he spilled liquid on his laptop.  Not only did he loose the prepared paperwork and miss the deadline for timely filing, but also his unique passwords for both his TurboCourt efile account and the recovery email dedicated to this matter.  The Plaintiff does not reside in the Orange County area and suffers from Major Depression Disorder; having missed the deadline, he became depressed, and did not travel to Orange County to manually file the request late.

To recap the case status for the Court, since the initial complaint was filed on October 17th 2016, this case has become complex, intertwined with a parallel case in Los Angeles Superior Court, and additional defendants have been added here in Orange County.  As a result, the present original complaint as drafted by the Plaintiff in Pro Se is incomplete, and the Plaintiff suspects it is also defective from a technical (if not narratively stylistic) standpoint.  The Plaintiff has therefore not served the complaint, because serving the complaint in this condition would result in confusion that will waste the resources of, and impose an unnecessary burden on, both the Defendants and the Court.  The likely response would be a swift demurrer or motion to dismiss, and as the statute of limitations for filing has now passed, this would mean effectively barring the Plaintiff from any ability to obtain a just civil resolution for his serious injuries and grievances; the misconduct of these Orange County Defendants has left the Plaintiff's permanent mental disabilities in a state of aggravation so severe, he is unable to effectively comport and manage the prosecution or defense of his own best interests, in what has now become a complex case.

ATTACHMENTS 7 AND 8 COMBINED                    - 1 -

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

Despite the lack of formal service, the Plaintiff is informed that these Orange County Defendants are aware of the Complaint, as they had their insurance carrier call the Plaintiff to discuss settlement in early November 2016.  However, the Plaintiff continues to suffer from severe mental distress and injury, and is not capable of effectively conducting those settlement discussions himself.

The Plaintiff needs more time to secure the effective assistance of counsel to produce an amended complaint that cures the technical drafting defects of the original, and then simultaneously serve both the original and amended complaints upon the Defendants. This will allow the Defendants to address and prepare an answer to the Plaintiff's complaint in an orderly manner, without wasting resources, or burdening the Court with unnecessary filings and hearings.

The Plaintiff has been diligent in his efforts to secure the effective assistance of counsel.  His efforts continue to be slowed by his disabilities, as the actions of the Defendants have left his OCPD symptoms so aggravated and inflamed, he is unable to reduce an explanation of their extensive, months-long course of misconduct down to a brief narrative.  This continues to structurally impede his ability to meet the basic requirement to even get in the door to discuss his case: reducing an explanation to a few paragraphs on a standardized intake form.

By way of briefly reminding the court as to the nature of the Plaintiff's efforts thus far, attorneys at the *public interest litigation* organizations Disability Rights California, Disability Rights Advocates, Disability Rights Legal Center, Public Counsel, and several smaller organizations have all expressed sympathy, but have not committed to offer assistance, because their organizations generally only accept education cases involving K-12 students.  Similarly, the vast majority of private plaintiffs *education* attorneys restrict their practice to children in the K-12 system, and have refused to help the Plaintiff

ATTACHMENTS 7 AND 8 COMBINED          - 2 -

because he is a college student; of those who do handle college cases, all have thus far said they either do not offer services beyond mediation and administrative law, or cannot afford to take the Plaintiff's case, again because the Defendant's lengthy pattern of misconduct have made the fact pattern so complex, the resources required to litigate his case outstrip the resources they can devote as sole practitioners.  The members of the plaintiffs bar who handle *disability discrimination* cases generally only handle such cases in an Title I ADA employment context, and those that the Plaintiff has spoken to have all declined his case because it arises out of a Title II ADA setting in an educational environment.

These Defendants deliberately and purposefully withheld the Plaintiff's approved academic accommodations for his disability without any lawful justification, then refused to act on their mandatory duty to provide equitable remediation in a timely manner, triggering a serious mental health crisis that forced the Plaintiff to drop out of school entirely.  Instead of acting reasonably to simply resolve the Plaintiff's growing distress at an early stage as repeatedly requested, these Defendants were deliberately indifferent, and to this day continue to defend and maintain the unlawful and inappropriate practices and policies that led to this situation in the first place.

Thus, while the pro se Plaintiff's need for additional time to secure the effective assistance of counsel, prepare a properly amended complaint that encompasses all defendants, and then serve all documents filed thus far is a deviation from the ordinary rules for service, it is in fact the byproduct of the disability barriers the Plaintiff is suffering from, as a result of the Defendants' extensive pattern of wrongdoing and indifference.

The Plaintiff therefore prays this Court will grant an additional extension of time to Serve, and agree to continue the Case Management Conference until that service has been affected.

ATTACHMENTS 7 AND 8 COMBINED            - 3 -

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

Exhibit "S"

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**06/30/2017** at 01:20:00 PM
Clerk of the Superior Court
By Robert Renison,Deputy Clerk

1   John Doe
2   4067 Hardwick St #184
    Lakewood, CA 90712
3   (818) 330-3139
    Plaintiff in Pro Se

4

5

6

7

8             SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

9                CENTRAL JUSTICE CENTER - UNLIMITED CIVIL

10

11  JOHN DOE;                        )   Case No. 30-2016-00881634-CU-CR-CJC
                                     )
12          Plaintiff                )
                                     )
13      vs.                          )
                                     )
14                                   )
    NORTH ORANGE COUNTY              )   **PLAINTIFF'S WRITTEN DECLARATION**
15  COMMUNITY COLLEGE DISTRICT (aka  )   **IN RESPONSE TO COURT'S 6/6/2017**
16  "NOCCCD"); BLANCA DOBSON; RUTH   )   **OSC FOR FTA**
    SIPPLE; GRISELDA AGUIRRE;        )
17  BRANDON FLOERKE; PAUL MCKINLEY;  )
18  and DOES 1 through 50, inclusive )
19                                   )   Judge Frederick P. Horn
                                     )
20          Defendants               )   Dept. C31
                                     )   Hearing Date: July 11th, 2017 9:00 AM
21  _____ )

22          Plaintiff JOHN DOE was scheduled to appear before this court at 9:00 AM on the

23  morning of June 6th 2017 for a Case Management Conference.  Plaintiff failed to appear at

24  9:00 AM because he was ill that morning.

25          The Plaintiff attempted to inform the Court, and ask the clerk to put his matter on

26  late call, via telephone prior to 9:00 AM.  However, the Plaintiff discovered this

27  Department's phone number is not listed on the courthouse's online telephone directory,

28  nor was it printed on the prior documents the Plaintiff received from this Court.

PLAINTIFF'S WRITTEN DECLARATION
IN RESPONSE TO COURT'S 6/6/17 OSC              - 1 -

Having been unable to reach the court by telephone to make arrangements for a late call in the morning session, the Plaintiff none the less did appear in this Department later in the afternoon of June 6th, around the time he guessed the Court's afternoon calendar session would start, hoping to explain his absence in the morning session. However, the Court did not have an afternoon session calendared that day, so the Plaintiff spoke with the Clerk and Court Attendant instead.

The Court's staff kindly explained to the Plaintiff that the Court's phone number is not listed in the courthouse directory because Judge Horn is technically retired.

The Plaintiff profusely apologizes to the Court for not appearing as scheduled at 9:00 AM on June 6th 2017, and asks the Court's forgiveness for his inability to find a phone number to call the Court and explain his situation is a timely manner.  Plaintiff prays the Court will not impose sanctions for his failure to appear.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date:  June 30th, 2017                    _____

                                                                John Doe
                                                                Plainitff in Pro Se

PLAINTIFF'S WRITTEN DECLARATION
IN RESPONSE TO COURT'S 6/6/17 OSC          - 2 -

JOHN DOE
PLAINTIFF IN PRO SE
4067 HARDWICK ST #184
LAKEWOOD, CA 90712
(818) 330-3139

Exhibit "T"

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 07/03/2017          TIME: 01:25:00 PM          DEPT:  C31

JUDICIAL OFFICER PRESIDING: Frederick P. Horn
CLERK:  Julie Howard
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  Elizabeth Flores

CASE NO: **30-2016-00881634-CU-CR-CJC**  CASE INIT.DATE: 10/17/2016
CASE TITLE: **Doe vs. North Orange County Community College District**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Civil Rights

EVENT ID/DOCUMENT ID: 72618176
**EVENT TYPE**: Chambers Work

**APPEARANCES**

There are no appearances by any party.

Pursuant to Ex Parte Application For Extension Of Time To Serve Pleading And Orders signed and filed 06/14/2017, the Case Management Conference is scheduled for 09/12/2017 at 09:00 AM in Department C31.

The pleading must be served and filed no later than 09/07/2017.

Court orders Clerk to give notice.

Exhibit "U"

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Doe vs. North Orange County Community College District

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER: **30-2016-00881634-CU-CR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 07/03/17 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 7/3/17. Following standard court practice the mailing will occur at Sacramento, California on 7/5/17.

JOHN DOE
4067 HARDWICK STREET
LAKEWOOD, CA 90712

Clerk of the Court, by: _____, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 07/03/17, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on July 3, 2017, at 1:30:12 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

JOHN DOE
JOHNDOEOC@PROTONMAIL.COM

Clerk of the Court, by: _____, Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

Exhibit "V"

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 07/11/2017                    TIME: 09:00:00 AM          DEPT: C31

JUDICIAL OFFICER PRESIDING: Frederick P. Horn
CLERK: Julie Howard
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: Elizabeth Flores

CASE NO: **30-2016-00881634-CU-CR-CJC** CASE INIT.DATE: 10/17/2016
CASE TITLE: **Doe vs. North Orange County Community College District**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Civil Rights

---

EVENT ID/DOCUMENT ID: 72605442

**EVENT TYPE**: Order to Show Cause re: Sanctions/Dismissal
MOVING PARTY: John Doe
CAUSAL DOCUMENT/DATE FILED: Complaint, 10/17/2016

---

**APPEARANCES**
John Doe, self represented Plaintiff, present.

Declaration re: 6/6/17 OSC for Failure to Appear is read and considered.

Court deems declaration adequate. No action taken.

This matter is off calendar.

CMC set for 9/12/2017 at 9:00 a.m. in department C31 to remain.

---

Exhibit "W"

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 09/12/2017                TIME: 09:00:00 AM        DEPT: C31

JUDICIAL OFFICER PRESIDING: Frederick P. Horn
CLERK: Julie Howard
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Elizabeth Flores

CASE NO: **30-2016-00881634-CU-CR-CJC** CASE INIT.DATE: 10/17/2016
CASE TITLE: **Doe vs. North Orange County Community College District**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Civil Rights

---

EVENT ID/DOCUMENT ID: 72618179
**EVENT TYPE**: Case Management Conference
MOVING PARTY: John Doe
CAUSAL DOCUMENT/DATE FILED: Complaint, 10/17/2016

---

**APPEARANCES**
John Doe, self represented Plaintiff, present.

Case Management Conference is held.

Plaintiff informs the Court, defendant North Orange County Community College District AKA NOCCCD was served on 09/11/2017 as well as an individual defendant.

Plaintiff represents one remaining defendant is to be served.

The Court sets an Order to Show Cause re: Dismissal for 11/02/2017 at 09:00 AM in Department C31.

The Court further orders all defendants are to be served by the next hearing.

Court orders Plaintiff to give notice.

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years of age, and am not a party to the within action; my business address is 16633 Ventura Boulevard, Suite 800, Encino, California  91436.

    On the date herein below specified, I electronically filed the foregoing document with the United States District Court, Central District of California, by using the CM/ECF system.  I certify that the following counsel of record is registered as an ECF Filer and that he will be served by the CM/ECF system:

DATE OF SERVICE          :          October 11, 2017

DOCUMENT SERVED          :          **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C § 1441 (a)(FEDERAL QUESTION)**

COUNSEL SERVED          :          Plaintiff In Pro Per:
John Doe
4067 Hardwick St. #184
Lakewood, CA 90712
818-330-3139

*     *     *

<u>XXX</u> (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

    EXECUTED at Encino, California on October 11, 2017.

*Adreana Rutter*
_____
Adreana Rutter

3