John Doe
4067 Hardwick St #184
Lakewood, CA 90712
(818) 330-3139
Plaintiff in Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| JOHN DOE, | Case No.: 8:17-cv-01776-CJC-DFMx |
|---|---|
| *Plaintiff*, | |
| vs. | **PLAINTIFF'S REQUEST FOR DISABILITY ACCOMMODATION AND EXTENSION OF TIME** |
| NORTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT *et al*, | |
| *Defendants*. | Submitted February 16th 2018 |

 Plaintiff needs additional time to complete his motion to proceed under a pseudonym, which he needs to submit in both his Central District of California and Los Angeles County Superior Court cases.

 Plaintiff came down with flu around February 3, 2018, and was finally medically ordered to bed rest first until February 12 (EXHIBIT C), and then February 17 (EXHIBIT D). More seriously, the need to type nonstop since September 2017 to respond to filings in both courts led to the Plaintiff developing serious pain and numbness in both hands by mid-December 2017. These repetitive strain injuries have been presenting a growing fundamental obstacle to Plaintiff's ability to compose his filings, and he has now received an interim medical restriction to not use a computer until February 26 (EXHIBIT D).

  Plaintiff has mentioned these repetitive strain injuries several times in emails with opposing counsel, and believes he has mentioned them in prior filings in both courts, attributing them to carpal tunnel syndrome.  Plaintiff has been trying to compensate by using voice recognition software since the end of December 2017 (as he did to compose this filing), but this software cannot resolve Plaintiff's inability to manipulate a mouse or trackpad for an extended period, which is required for both the fundamental legal research Plaintiff needs to do, as well as his editing-intensive writing process.

  Plaintiff does not yet know how to solve this problem.  He is unable to find an attorney willing to assist him, so he cannot resolve the issue by retaining counsel.  Plaintiff is afraid the damage to his hands might be permanent, and is terrified of making his injuries worse by trying to continue to push forward against medical advice.  Plaintiff has been repeatedly asking his doctors since mid-January 2018 to give him a referral to a proper specialist for correct diagnosis, treatment and resolution, taking the first appointments he could get at his assigned healthcare provider (EXHIBITS A and B), but the regulations and limitations imposed by his healthcare network are restricting Plaintiff's ability to get access to the medical care he needs.  Therefore, the interim February 26, 2018 restriction from computer use Plaintiff received does not represent a date by which his injuries will necessarily be properly diagnosed, let alone healed.

  Accordingly, Plaintiff is not even sure what to ask this Court to do, because he does not yet know himself either the full medical extent of his repetitive strain injuries, nor how he should attempt to solve the problems they present in the long term.  Plaintiff needs additional time to complete his motion to proceed under a pseudonym, but does not know how much more time he needs to ask for, and does not want to ask for a period which may later prove insufficient.  The next available dates on which Plaintiff may be able to get a same-day appointment to see his doctor to again ask for a referral begin on February 20th 2018.  Plaintiff doubts this Court has the power to order his healthcare provider to give him a simple referral to a specialist for the pain in his hands, but such a referral is the first thing the Plaintiff needs in order to get this process moving along.

**Meet and confer attempt**

    Plaintiff called the offices of opposing counsel Walsh and Associates at 9:50 AM on February 14, 2018, to discuss this situation with Mr. George Ordonez. Plaintiff was informed that Mr. Ordonez was unavailable, so he left a detailed message with the receptionist. Plaintiff explained he had been sick with the flu, and unable to work. Plaintiff also explained his repetitive strain injuries were presenting a serious problem in completing his filings, and that his filings would not be ready by their deadlines.  Plaintiff stated he was calling for the purpose of giving notice of his need to request additional time from the courts involved.  Plaintiff was informed his message would be given to Mr. Ordonez. Neither Mr. Ordonez nor anyone else from opposing counsel has returned the plaintiff's message.


Dated February 16th 2018     _____*John Doe*_____
                                                  John Doe
                                                  Plaintiff in Pro Se