WALSH & ASSOCIATES, APC
16633 Ventura Boulevard, Suite 800
Encino, CA 91436
Telephone: (818) 986-1776
Facsimile: (818) 382-2071
DENNIS J. WALSH, Esq. (SBN 106646)
Email: dwalsh@walshlawyers.com
GEORGE E. ORDONEZ (SBN 162849)
Email: gordonez@walshlawyers.com

Attorneys for Defendants NORTH ORANGE
COUNTY COMMUNITY COLLEGE DISTRICT,
BLANCA DOBSON, RUTH SIPPLE, BRANDON
FLOERKE, PAUL MCKINLEY, IRMA RAMOS,
DAN WILLOUGHBY, JOSE NUNEZ, AND
GRISELDA AGUIRRE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>vs.<br><br>NORTH ORANGE COUNTY COMMUNITY COLLEGE DISTRICT (aka "NOCCCD"); BLANCA DOBSON; RUTH SIPPLE; GRISELDA AGUIRRE; BRANDON FLOERKE; PAUL MCKINLEY; JOSE NUNEZ; DAN WILLOUGHBY; IRMA RAMOS; and DOES 1 through 10, inclusive.<br><br>        Defendants. | Case No.: 8:17-cv-01776-CJC-DFMx<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT GRISELDA AGUIRRE TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE PURSUANT TO RULE 41(b) AND FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:     May 6, 2019<br>TIME:     1:30 p.m.<br>COURTROOM: 9B, 9th Floor<br><br>*[Filed concurrently with [Proposed] Order]* |

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TO THE COURT AND PLAINTIFF:**

**PLEASE TAKE NOTICE** that on May 6, 2019, at 1:30 p.m., or as soon thereafter as may be heard in Department 9B of the above-captioned Court, located at 411 W. Fourth Street, Santa Ana, CA 92701, Defendant GRISELDA AGUIRRE, a public entity employee ("Aguirre") will and hereby does move to dismiss Plaintiff JOHN DOE's ("Plaintiff") Complaint For Damages And Judicial Relief (including Plaintiff's Supplemental Addendums To Complaint 1-4) (**collectively** "Complaint") pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(6), on the following grounds:

1.      Plaintiff has failed to allege a single fact against Ms. Aguirre that would give rise to any claim.  *Federal Rules of Civil Procedure*, Rule 12(b)(6).

2.      Plaintiff has failed to timely prosecute this matter and serve the Summons and Complaint on Defendant Aguirre in the time required by law. *Federal Rules of Civil Procedure*, Rule 41(b).

3.      Plaintiff does not have good cause for his failure to serve Ms. Aguirre within 90 days of filing his lawsuit. *Federal Rules of Civil Procedure*, Rule 4(m).

**Meet and Confer Attempt Of Defense Counsel**

This Motion is filed following the conference of counsel pursuant to Local Rule 7-3 which took place on April 1, 2019.  Attorney Arash Arjang of Walsh & Associates, counsel for Defendants, contacted Plaintiff via telephone on April 1, 2019 to discuss the filing of this motion regarding Plaintiff's failure to state a claim against Ms. Aguirre, and for failure to timely serve and prosecute the matter against Ms. Aguirre.  Plaintiff responded by stating that he believed Defendant Aguirre had *some* liability to Plaintiff, and that if Ms. Aguirre was not a party to the lawsuit, the District would then attempt to shift all the blame to her.  Plaintiff did not agree to dismiss Ms. Griselda Aguirre from this lawsuit.

This motion is based upon this notice of motion, the accompanying memorandum of points and authorities and declaration of Arash Arjang, Esq., the

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1   pleadings and papers on file in this action, and upon such other oral and/or

2   documentary evidence that may be presented by the parties at the hearing on this

3   motion.

4

5   DATED:  April 8, 2019                    WALSH & ASSOCIATES, APC

6

7                                      By:   _____

8                                            Dennis J. Walsh, Esq.

9                                            George E. Ordonez, Esq.
                                             Attorneys for Defendants NORTH ORANGE
10                                           COUNTY COMMUNITY COLLEGE
                                             DISTRICT, BLANCA DOBSON, RUTH
11                                           SIPPLE, BRANDON FLOERKE, PAUL
                                             MCKINLEY, IRMA RAMOS, DAN
12                                           WILLOUGHBY, JOSE NUNEZ, AND
                                             GRISELDA AGUIRRE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

PAGE NO.

I.   INTRODUCTION …………………………………………………...1

II.  FACTUAL ALLEGATIONS …………………………………………2

III. LEGAL ARGUMENT ……………………………………………… 3

   A. LEGAL STANDARD FOR A MOTION TO DISMISS ……..……... 4

   B. THE COMPLAINT MUST BE DISMISSED AS TO DEFENDANT

   AGUIRRE BECAUSE PLAINTIFF HAS FAILED TO PROSECUTE

   THIS ACTION IN A TIMELY MANNER AGAINST DEFENDANT

   AGUIRRE ………………………………………………………...5

      1. The Public's Interest In Expeditious Resolution of Litigation .. 7

      2. The Court's Need to Manage Its Docket ……………………… 7

      3. The Risk of Prejudice to Defendants …………………….. 8

      4. The Public Policy Favoring Disposition of Cases

      On Their Merits ………………………………………………… 9

      5. The Availability of Less Drastic Sanctions ………………………9

   C. PLAINTIFF CANNOT SHOW GOOD CAUSE FOR HIS

   29-MONTH DELAY IN SERVING GRISELDA AGUIRRE…...…………10

   D. THE COMPLAINT MUST BE DISMISSED AS TO DEFENDANT

   AGUIRRE BECAUSE PLAINTIFF HAS FAILED TO STATE A

   COGNIZABLE CLAIM AGAINST GRISELDA AGUIRRE ………...11

IV.  CONCLUSION ...........................................................................18

1

# TABLE OF AUTHORITIES

## CASES

*Andersen v. Regents of University of California,*
22 Cal.App.3d 763 (1972) ............................................................... 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2008), ........................................ 4

*Caltex Plastics, Inc. v. Lockheed Martin Corporation,*
824 F.3d 1156 (9th Cir. 2016) ........................................................ 11

*Bell Atlantic v. Twombly*, 550 U.S. 544, 553-558 (2007) ................... 4

*Clausing v. San Francisco Unified School Dist.* (1990) 221 Cal.App.3d
1224, 1239–1241 ........................................................................ 15

*Flintco Pacific, Inc. v. TEC Management Consultants, Inc.,*
1 Cal.App.5th 727 (2016) ............................................................. 18

*Harlow v. Fitzgerald,*
457 U.S. 800 (1982) ..................................................................... 13

*Hughes v. Pair,*
46 Cal.4th 1035 (2009) ................................................................. 16

*Kashmiri v. Regents of University of California,*
156 Cal.App.4th 809 (2007) .......................................................... 17

*Malley v. Briggs,*
475 U.S. 335, 106 S.Ct. 1092 (1986) .............................................. 13

*Martin v. California Dep't of Veterans Affairs,*
560 F.3d 1042 (9th Cir.2009) ........................................................ 11

*Mohsin v. California Dept. of Water Resources,*
52 F.Supp.3d 1006 (E.D. Cal. 2014) ............................................... 12

*Mitchell v. Forsyth,*
472 U.S. 511 (1985) ..................................................................... 13

*O'Toole v. Superior Court,*
140 Cal.App.4th 488, 509-10 ......................................................... 15

*Pearson v. Callahan,*
129 S.Ct. 808 (2009) .................................................................... 13

*Saridakis v. United Airlines,*
166 F.3d 1272 (9th Cir.1999) ........................................................ 16

*Shroyer v. New Cingular Wireless Servs., Inc.,*
622 F.3d 1035 (9th Cir. 2010) ....................................................... 11

*Starr v. Baca,*
652 F.3d 1202 (9th Cir. 2011) ....................................................... 11

*T.B. ex rel. Brenneise v. San Diego Unified School Dist.,*
(9th Cir. 2015) 806 F.3d 451 ........................................................ 17

*United States ex rel. Chunie v. Ringrose,*
788 F.2d 638 (9th Cir.1986) .......................................................... 12

*Valadez-Lopez v. Chertoff,*
656 F.3d 851 (9th Cir. 2011) ......................................................... 11

1

TABLE OF AUTHORITIES

*Vinson v. Thomas*,
    288 F.3d 1145 (9th Cir. 2002) ...................................................................13, 14

*Walsh v. W. Valley Mission Cmty. Coll. Dist.*,
    66 Cal.App.4th 1532 (1998) ............................................................................17

*Wilson v. Hewlett–Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) ………………………………………….. 4

*Wong v. Tai Jing*,
    189 Cal.App.4th 1354 (Ct. App. 2010) .........................................................15

## RULES

*Federal Rules of Civil Procedure*, Rule 12(b)(6) ...........................................3,4,13

*Federal Rules of Civil Procedure*, Rule 41(b)................................................1, 4, 5

*Federal Rules of Civil Procedure*, Rule 4(m)…...……………………4, 5, 7, 10, 11

## STATUTES

*California Civil Code* § 51 ..........................................................................14. 17

*California Civil Code* § 54 ..........................................................................14, 17

2

**TABLE OF AUTHORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

The Complaint of Plaintiff John Doe against Defendant Griselda Aguirre ("Ms. Aguirre") should be dismissed as Plaintiff has failed to prosecute this case against Ms. Aguirre in violation of Rule 41(b).  Plaintiff originally filed his action on October 17, 2016, and has only recently served Ms. Aguirre in response to the motion for judgment on the pleadings by other defendants in this action.

Furthermore, not only has Plaintiff failed to file a well-pleaded complaint, he has failed to allege any facts that would state a claim against Ms. Aguirre in any way. Plaintiff has alleged sixteen claims in his Complaint, but has failed to identify which claims are made against Ms. Aguirre.  Assuming, arguendo, Plaintiff alleges all sixteen claims against Ms. Aguirre, Plaintiff has failed to make a short and plain statement of the claim showing that Plaintiff is entitled to relief as against Ms. Aguirre.

On October 17, 2016, Plaintiff filed his Complaint in the Superior Court of the State of California, Orange County.  More than two and a half years have passed since Plaintiff brought this lawsuit against a whole host of District employees, and despite spanning over four supplemental addendums and a total of 145 paragraphs, Plaintiff has failed to articulate any factual basis to sustain any claim against Defendant Griselda Aguirre.  On February 2, 2018, this Court stated in its Order that "Plaintiff must plead the elements of his claims if he chooses to file a FAC." (Docket No. 49, p. 19, lines 1-2.)  This Court also stated in its Order that "Plaintiff must plead factual allegations that support each defendant against whom he asserts a claim." (Docket No. 49, p. 19, lines 4-5.)  More than a year has passed since this Court gave Plaintiff leave to file an amended complaint to properly state a claim against all the various individual defendants, including Ms. Aguirre.  However, not only has Plaintiff failed to file a well-pleaded complaint, he has failed to allege any facts that would make Ms. Aguirre liable in any way to Plaintiff.

1

As a preliminary matter, it is unclear whether Plaintiff is asserting all sixteen causes of action against Defendant Aguirre.  Notwithstanding the failure to state a cognizable claim against Ms. Aguirre, after more than two years of constant delays and Plaintiff's blatant failure to prosecute this matter against any defendant, including Ms. Aguirre, Plaintiff abruptly acted to serve Ms. Aguirre in response to the District's request to dismiss Ms. Aguirre from this lawsuit in its motion for judgment on the pleadings, which is set to be heard on April 15, 2019.  As will be discussed in more detail below, Plaintiff's failure to serve Ms. Aguirre in a timely manner is Plaintiff's implicit admission that he does not have any viable claim against Ms. Aguirre, and that he is only seeking to *bleed* the District into a settlement by suing as many District employees as possible.

## II.    FACTUAL ALLEGATIONS.

Plaintiff alleges that he suffers from several "mental" disabilities: (1) attention deficit hyperactivity disorder; (2) obsessive compulsive disorder; and (3) major depressive disorder.  (Comp. ¶ 13.)  In the fall of 2013, Plaintiff began a course of study within the California "Community College System," with the express goal of transferring to two unnamed universities.  (Comp. ¶ 13.)  In the fall of 2014, Plaintiff registered for eight units at Fullerton Community College.  (Comp. ¶ 16.)  In December 2013, he registered with the Disabled Student Services ("DDS") office of Fullerton Community College.  Plaintiff maintains the District approved "multiple accommodations" for him, including "1.5 time and a distraction-free environment" for all tests.  (Comp. ¶ 23.)

Plaintiff claims that on September 16, 2014, he was asked to take a test in one of his classes, but there was "no opportunity for Plaintiff to inconspicuously ask Defendant FLOERKE to stop playing music over the classroom speakers," which allegedly distracted Plaintiff.  (Comp. ¶ 28.)  Plaintiff is unclear as to how this incident relates to his claim of discrimination.  (Comp. ¶¶ 28-32.)  Plaintiff then experienced an issue with the type of "paper" he used in class, which was

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1   admittedly remedied when the matter was brought to the attention of defendant

2   MCKINLEY.  (Comp. ¶¶ 33-42.)

3           Plaintiff then encountered an issue with the timing of a particular exam, but,

4   based on Plaintiff's own admissions, Plaintiff was late to the examination for

5   reasons that have nothing whatsoever to do with the District—meaning, Plaintiff's

6   own characterization of the events in paragraphs 50-54 establish that Plaintiff's ***own***

7   ***conduct*** precipitated the subsequent events relating to the October 17, 2014,

8   examination of which he complains in this lawsuit.  (Comp. ¶¶ 50-54.)   The

9   remainder of the Complaint relates to this event, which allegedly culminated in

10  Plaintiff not being able to complete the examination.   (Comp. ¶¶ 55-88.)

11          Plaintiff's allegations against Defendant Aguirre are set forth in Paragraphs

12  11, 58, 59, 64, 78, 79, and 80 of the Complaint. Plaintiff identifies Ms. Aguirre as a

13  Test Proctor at the Fullerton Community College DSS office (Comp. ¶ 11.) Plaintiff

14  alleges that "[w]hen Plaintiff arrived to begin his exam, he was directed by

15  Defendant Griselda Aguirre, the Fullerton DSS Test Proctor, to the station at which

16  Defendant DOBSON had scheduled him to work."  (Comp. ¶ 58.) Plaintiff alleges

17  that after he protested the purported denial of his distraction-free accommodation,

18  Defendant Aguirre told him "this is where you were set up; I'm just the messenger."

19  (Comp. ¶ 59.)  Plaintiff then asked Defendant Aguirre at approximately 10:00 a.m.

20  to be moved to a quiet environment, and Ms. Aguirre notified Ms. Dobson regarding

21  Plaintiff's request. (Comp. ¶ 64.)  Plaintiff finally alleges that Defendant Aguirre

22  attempted to stop Plaintiff from working on his exam at 10:45 a.m., but after

23  Plaintiff informed her that he intended to take his full 1.5 accommodation time, Ms.

24  Aguirre left to inform Ms. Dobson of the situation.  (Comp. ¶¶ 78-80.)

25  ### III.    LEGAL ARGUMENT.

26          Defendant Aguirre brings the instant motion to dismiss to challenge the

27  fundamental defects in Plaintiff's pleading pursuant to Rule 12(b)(6), and for the

28  extreme delay in his prosecution of this matter against Ms. Aguirre, pursuant to Rule

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1   41(b), and Rule 4(m).

2   ## A.    LEGAL STANDARD FOR A MOTION TO DISMISS

3   A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims

4   stated in the complaint. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011).

5   A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a

6   claim upon which relief can be granted.    The court must accept all well-pleaded

7   material facts as true and draw all reasonable inferences in favor of the plaintiff.

8   *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).  Dismissal

9   under Rule 12(b)(6) for failure to state a claim is proper only if the pleadings fail to

10  allege enough facts so as to demonstrate a 'plausible entitlement to relief.'  *Bell*

11  *Atlantic v. Twombly*, 550 U.S. 544, 553-558 (2007). While a complaint attacked by

12  a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

13  plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"

14  requires more than labels and conclusions; a formulaic recitation of the elements of

15  a cause of action will not do. Factual allegations must be enough to raise a right to

16  relief above the speculative level on the assumption that all the allegations in the

17  complaint are true. *Id*. Only a complaint that states a plausible claim for relief

18  survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662 (2008).

19  Federal Rules of Civil Procedure, Rule 41(b) states in part that a defendant

20  may move for an involuntary dismissal "[i]f the plaintiff fails to prosecute or to

21  comply with these rules or a court order…" A court in ruling on a motion for failure

22  to prosecute should consider several factors: (1) the court's need to manage its

23  docket; (2) public interest in expeditious resolution of litigation, (3) risks of

24  prejudice to defendants from delay, and (4) policy favoring disposition of cases on

25  their merits.  *Morris v. Morgan Stanley & Co.,* 942 F.2d 648 (1991). Failure to

26  prosecute diligently alone justifies dismissal, even where actual prejudice to the

27  defendant is not shown. *Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281, 283 (9th

28  Cir. 1970); *Moore v. Teflon Communications Corp.,* 589 F.2d 959, 968 (9th Cir.

4

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1    1978).

2           Federal Rules of Civil Procedure, Rule 4(m) requires that "the summons and

3    complaint must be served within 90 days after the complaint is filed." Rule 4(m).

4    Unless a plaintiff can show "good cause" why process could not be served within

5    that time, the district court must dismiss the lawsuit without prejudice. See *Id*.

6    While the Court has some discretion, Rule 4(m) is "intended to force parties and

7    their attorneys to be diligent in prosecuting their causes of action." *Wei v. Hawaii*,

8    763 F.2d 370, 372 (9th Cir. 1985). Because Plaintiff does not have good cause for

9    his failure to serve Defendant Aguirre within 90 days of filing his Complaint, the

10   Complaint against Defendant Aguirre should be dismissed.

11       **B.    THE COMPLAINT MUST BE DISMISSED AS TO DEFENDANT**

12              **AGUIRRE BECAUSE PLAINTIFF HAS FAILED TO**

13              **PROSECUTE THIS ACTION IN A TIMELY MANNER**

14              **AGAINST DEFENDANT AGUIRRE**

15   *Federal Rule of Civil Procedure* 41(b) states that, "[i]f the plaintiff fails to

16   prosecute or to comply with these rules or a court order, a defendant may move to

17   dismiss the action or any claim against it." Fed. R. Civ. P. 41.  A court may dismiss

18   an action, with prejudice, based on a party's failure to prosecute an action, failure to

19   obey a court order, or failure to comply with the local rules. *Darley v. DePuy*

20   *Orthopaedics, Inc*., No. 2:13-CV-00721-MCE, 2014 WL 3939721, at *1 (E.D. Cal.

21   Aug. 11, 2014) (citing *Link v. Wabash R.R. Co*., 370 U.S. 626, 629 (1962)) ("The

22   authority of a federal trial court  to dismiss a plaintiff's action with prejudice

23   because of his failure to prosecute cannot seriously be doubted.")   "The district

24   court has the inherent power *sua sponte* to dismiss a case for lack of prosecution."

25   *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

26           "Without question, a plaintiff's failure to serve process in a timely manner

27   may in some cases amount to a failure to prosecute … and a district court may

28   dismiss an action on this ground." *Nealey v. Transportacion Maritima Mexicana,*

5

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*S.A.*, 662 .2d 1275, 1278 (9th Cir. 1980) (internal citation omitted). Appellate courts reverse dismissals resulting from failures to prosecute "… only upon a finding of an abuse of discretion." *Hernandez v. City of El Monte,* 138 F.3d 393, 398 (9th Cir. 1998). "[T]he court's exercise of discretion in that regard is cabined by the requirement that it 'weigh() … the relevant factors." *Id.* And, admittedly, because dismissal is a harsh penalty, it is appropriate only in extreme circumstances of unreasonable delay. *Henderson,* 779 F.2d at 1423. A reviewing court will give deference to the district court to decide what is unreasonable "because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *In re Eisen,* 31 F.3d 1447, 1451 (9th Cir. 1994), citing *Ash v. Cvetkov,* 739 F.2d 493 (9th Cir. 1984). Nevertheless, appellate courts "… will overturn a dismissal sanction only if [it has] a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006), citing *Malone v. U.S. Postal Serv,* 833 F.2d 128, 130 (9th Cir. 1987).

When considering a motion to dismiss for failure to prosecute, a district court is required to weigh five factors: (1) the public interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants from delay, (4) the policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). "The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). "[The Ninth Circuit] 'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors strongly support dismissal.'" *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

### 1. The Public's Interest In Expeditious Resolution of Litigation.

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *see also, Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) [finding that a failure to pursue the case for "almost four months" favored dismissal]. "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). The public's interest in expeditious resolution of litigation is advanced by Fed.R.Civ.P. 4(m), which provides for dismissal with prejudice where the complaint is not served upon the defendant within 120 days, or four months, of filing. See *Hernandez v. City of El Monte,* 138 F.3d 393, 400 (9th Cir. 1998).

Here, as this Court noted in its July 17, 2018 Order, Plaintiff's inaction in this case favors dismissal, as it has hindered this Court and the District's ability to move the case forward toward disposition.  (Docket No. 62, p. 4, lines 26-28.)  Both this Court and Defendants have had to spend considerable amount of time and resources to address Plaintiff's vague theories of liability against Defendants.  In this case, it is not even clear under what theory of liability Plaintiff is pursuing a claim against Defendant Aguirre.  Nonetheless, Plaintiff waited **more than two years** to serve his summons and complaint on Ms. Aguirre, and only did so after the District requested that this Court dismiss Ms. Aguirre on its own motion.

### 2. The Court's Need to Manage Its Docket.

The Ninth Circuit has held that it must defer to the district court's determination of unreasonable delay 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable. *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).  In *Yourish,* the Ninth Circuit found this factor "strongly favors dismissal" where plaintiff's failure

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1    to timely amend had allowed the "Plaintiffs to control the pace of the docket rather

2    than the Court." *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999).

3         That is precisely the case here.  This Court has granted Plaintiff numerous

4    continuances, and has given him extended time to file his required documents in this

5    litigation.  (Docket No. 62, p. 5:12-17.)   Plaintiff has shown no regard whatsoever

6    for this Court's orders, nor has he shown any regard whatsoever for Defendants,

7    who have been forced to litigate against Plaintiff's vague and ambiguous theories of

8    liability which are asserted against all the defendants.  Rather, Plaintiff has assumed

9    that whenever he gets around to it, he will convince the Court to simply

10    accommodate his failure based on his purported disability and continue to receive

11    additional extensions of time.  Plaintiff is therefore seeking to "control the pace of

12    the docket rather than the Court," just as the plaintiff did in *Yourish*.

13         This factor also weighs heavily in support of dismissal.

14    **3. The Risk of Prejudice to Defendants.**

15         "... [A] presumption of prejudice arises from … failure to prosecute."

16    *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998); *see also,*

17    *Anderson v. Air West, Inc*. 542 F.2d 522, 524 (9th Cir. 1976). Thus, "… this factor

18    weighs in favor of dismissal regardless of whether the defendants have shown any

19    actual prejudice." *Hernandez*, 138 F.3d at 401. The burden of production shifts to a

20    defendant to show some actual prejudice only after the plaintiff has given a non-

21    frivolous excuse for delay. *Id*.  "[T]he failure to prosecute diligently is sufficient by

22    itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay." *In*

23    *re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

24         Here, Plaintiff's **29-month delay** in serving Ms. Aguirre is a clear example of

25    Plaintiff's failure to prosecute, which has been extremely  unreasonable not only as

26    to Ms. Aguirre, but also as to all the other defendants.  Thus far, Plaintiff has offered

27    no reason for his long delay in serving Ms. Aguirre, not to mention his failure to file

28    an amended complaint in order to state a cognizable claim against Ms. Aguirre.  The

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1    risk of prejudice to defendants is absolutely clear.  Plaintiff has already subjected the

2    District to extensive litigation costs, and by waiting more than two years to serve

3    Ms. Aguirre, Plaintiff now seeks to increase the litigation costs for Defendants.

4    Indeed, Defendants now have to scavenge through Plaintiff's ambiguous pleadings

5    to try to determine which one of the sixteen causes of action apply to Defendant

6    Aguirre.  Here, not only is there a risk of prejudice, Plaintiff's extremely long delay

7    in serving Ms. Aguirre has caused actual prejudice to the District.  Not only is

8    prejudice presumed, it has unquestionably already occurred, and the only way that

9    Defendants will not be irreparably harmed will be for the Court to dismiss Ms.

10   Aguirre from this lawsuit.

11        **4. The Public Policy Favoring Disposition of Cases On Their Merits.**

12        Although this factor generally weighs against dismissal, it is not applicable in

13   this instant motion as to Defendant Aguirre, because Ms. Aguirre's presence as a

14   party in this lawsuit is in no way determinative of Plaintiff's case being disposed on

15   its merits.  At best, Ms. Aguirre may be a potential witness in this matter, and her

16   dismissal from this action will not hinder Plaintiff's ability from being able to take

17   her deposition, if he wishes to do so.  More importantly, the dismissal of Ms.

18   Aguirre from this lawsuit will have no impact on the remainder of his outstanding

19   claims against the various remaining defendants.  Therefore, this factor also weighs

20   in favor of dismissing Ms. Aguirre from this lawsuit.

21        **5. The Availability of Less Drastic Sanctions.**

22        This factor is applied "… by looking to whether the district court discussed or

23   tried alternatives, or warned the plaintiffs of the chance of dismissal."  *Ferdik v.*

24   *Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992).  As the Court noted in its July 17,

25   2018 Order, this Court has already explained what deficiencies Plaintiff needed to

26   cure in his Complaint, and Plaintiff has been unable to file an amended complaint

27   despite this Court's guidance and generous leave to amend.  (Docket No. 62, p. 6,

28   lines 7-18.)  Given that Plaintiff's Complaint has failed to state a claim against Ms.

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Aguirre, coupled with Plaintiff's **29-month delay** in serving Ms. Aguirre, there is no question that dismissal is warranted given that there no less drastic alternatives. Furthermore, as stated previously, by dismissing Ms. Aguirre from this lawsuit, this Court would not be dismissing Plaintiff's Complaint in its entirety as there are still other causes of action remaining against other defendants.

Given that all five factors weigh heavily in favor of dismissing Ms. Aguirre from the present action, Ms. Aguirre respectfully requests that the Court dismiss her from this lawsuit with prejudice.

## C.    PLAINTIFF CANNOT SHOW GOOD CAUSE FOR HIS 29-MONTH DELAY IN SERVING GRISELDA AGUIRRE

Plaintiff cannot show good cause for its failure to comply with Rule 4(m). Consequently, Plaintiff's Complaint against Defendants should be dismissed. When considering a motion to dismiss for untimely service under Rule 4(m), courts determine whether there is good cause for delay on a case-by-case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Good cause has been shown when service has been attempted but not completed, the plaintiff was confused about the requirements of service, or the plaintiff was prevented from serving defendants by factors beyond his control. *Mateo v. M/S. KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992).

The good cause exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992). The Ninth Circuit has provided several examples of what does not qualify as "good cause." For example, inadvertent error or ignorance of the governing rules is not good cause. *See Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987). "Half hearted" efforts of counsel to effect service of process prior to the deadline are not good cause. *See United States ex rel. Deloss v. Kennere Gen. Contractors*, 764 F.2d 707, 710-11 (9th Cir. 1985).

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In this matter, Plaintiff does not have and cannot show "good cause" in his failure to serve Defendant Aguirre in a timely manner.  Whether by mistake, oversight, neglect, strategy, or design, none of which are "good cause", Plaintiff never served Ms. Aguirre until the date his opposition was due to the District's motion for judgment on the pleadings, some 29 months after filing his original complaint.  Accordingly, Plaintiff does not have "good cause" for his failure to comply with Rule 4(m) and his complaint must be consequently dismissed.

### D.    THE COMPLAINT MUST BE DISMISSED AS TO DEFENDANT AGUIRRE BECAUSE PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM AGAINST GRISELDA AGUIRRE

A complaint may be dismissed for failure to state a claim when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  The complaint "must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).   The underlying factual allegations must "plausibly suggest an entitlement to relief." *Id.*; *see also*, *Caltex Plastics, Inc. v. Lockheed Martin Corporation*, 824 F.3d 1156, 1159 (9th Cir. 2016). To survive a motion to dismiss, a complaint must contain "sufficient factual matter to state a facially plausible claim."  *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d at 1041.

A complaint must aver "sufficient factual matter" to state a claim for relief, and a complaint will not suffice if it tenders "naked" assertions devoid of "further factual enhancement."  *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, (citing *Twombly,* 550 U.S. 544, 556, (2007)) … Nevertheless, a court "need not assume the truth of legal conclusions cast

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

in the form of factual allegations." *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n. 2 (9th Cir.1986). While Rule 8(a) does not require detailed factual allegations, 'it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.' *Iqbal,* 556 U.S. at 678. A pleading is insufficient if it offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.' *Twombly,* 550 U.S. at 555, (1955); *see also Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Moreover, it is inappropriate to assume that the plaintiff 'can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged[.]' [citation omitted]." *Mohsin v. California Dept. of Water Resources*, 52 F.Supp.3d 1006, 1010 (E.D. Cal. 2014).

Here, Plaintiff's sole allegation against Defendant Aguirre is that Ms. Aguirre directed Plaintiff to take his seat at the pre-designated place which was selected by Defendant Dobson.   Therefore, according to the complaint, the only role Ms. Aguirre played as a proctor was to show Plaintiff to the location where he was supposed to take his examination, which was already pre-selected by Defendant Dobson.  (Complaint, ¶ 58, 59.)  Furthermore, when Plaintiff raised his concerns over the distraction-free environment, Ms. Aguirre promptly communicated those concerns to Ms. Dobson. (Complaint, ¶ 64.)  Simply, Plaintiff has failed to allege any facts against Defendant Aguirre that would subject her to liability under any of Plaintiff's alleged claims.  As the complaint makes it perfectly clear, Ms. Aguirre's role in this entire lawsuit was to simply show Plaintiff to his pre-selected seat. Therefore, Ms. Aguirre cannot possibly be exposed to liability for showing Plaintiff to his pre-assigned workstation.  Assuming Plaintiff is asserting all sixteen causes of action against Defendant Aguirre, each claim will be addressed in the same order:

1)    1st and 2nd Causes of Action for Violation of the ADA and RA: This Court has already dismissed the first second causes of action against all individual

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

defendants because "neither Title II of the ADA nor Section 504 of the RA authorize claims against state officials in their individual capacities." *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

2)    3rd Cause of Action for Violation of § 1983: A public official is entitled to qualified immunity unless a plaintiff can establish both that (1) taken in the light most favorable to the party asserting the injury, the facts alleged show that the public official's conduct violated a constitutional right, and (2) the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982); *Pearson v. Callahan*, 129 S.Ct. 808 (2009). The protection of qualified immunity applies regardless of whether the government official makes an error that is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815 (2009). The doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law ...." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986). Thus, "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal [pursuant to Rule 12(b)(6)] before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Under FERPA, the definition of "school official" is extremely broad, and includes teachers, school principals, chancellors, human resource professionals, and even support or clerical personnel. (*See, e.g.*, https://studentprivacy.ed.gov/faq/who-%E2%80%9Cschool-official%E2%80%9D-under-ferpa)

Here, Plaintiff identified Defendant Aguirre as a test proctor, and she can therefore be considered as a state official. Moreover, Plaintiff's ADA/RA claims have already been dismissed as to all defendants. Furthermore, to the extent that a constitutional violation can be ferreted out of the Complaint, Plaintiff does not allege violation of a "clearly established" law. Most importantly, the Ninth Circuit

13

1  has held that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a

2  State official in his or her individual capacity to vindicate rights created by Title II

3  of the ADA or section 504 of the Rehabilitation Act."  *See Vinson v. Thomas*, 288

4  F.3d 1145, 1156 (9th Cir. 2002).  Therefore, Plaintiff's third cause of action must be

5  dismissed as to Ms. Aguirre who cannot be sued in her individual capacity.

6       3)    4th and 5th Causes of Action for violation of Unruh Civil Rights Act

7  ("Unruh") and California Disabled Persons Act ("CDPA"): As previously ruled by

8  this Court, Plaintiff has failed to allege facts against Ms. Aguirre that would permit

9  relief under California Civil Code §§ 51 and 54.  The allegations in the complaint do

10  not allege that Ms. Aguirre intentionally discriminated against Plaintiff on the

11  account of Plaintiff's disability.  (Docket No. 49, p.12, lines 1-7.)  To the contrary,

12  the allegations tend to indicate that Ms. Aguirre simply showed Plaintiff to his

13  assigned location, which was selected by Ms. Dobson, and when Plaintiff

14  complained, Ms. Aguirre relayed those concerns to Ms. Dobson.  (Comp. ¶¶ 58, 59,

15  64.)  As Plaintiff has failed to abide by the February 2, 2018 Order of this Court,

16  Plaintiff should not be granted another leave to amend.  Regarding Plaintiff's CDPA

17  claim, such claims have been construed to apply to "physical access to public

18  places."  *See Turner v. Ass'n of Am. Med. Colleges*, 167 Cal.App.4th 1401, 1412

19  (2008).  Here, Plaintiff has not pled any facts that he was physically disabled and

20  was physically denied access to the testing center.  Therefore, Plaintiff has failed to

21  state a claim under CDPA.

22       4)    6th Cause of Action for Negligence, 7th Cause of Action for Intentional

23  Tort, 8th Cause of Action for Failure to Discharge A Mandatory Duty, 9th Cause of

24  Action for Intentional Infliction of Emotional Distress, and 10th Cause of Action for

25  Negligent Infliction of Emotional Distress: A governmental entity has no common

26  law liability.  In California, all government liability must be based upon statutory

27  authority. *Government Code §815*; *Fox v. Fresno,* 170 Cal.App.3d 1238, 1241

28  (1985) (holding that county was not liable for injury to other property caused by

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

failure of county to abate nuisance because county did not have mandatory duty to abate nuisance); *Tolan v. State of California ex rel. Dept. of Transportation*, 100 Cal.App.3d 980, 986 (1980) (holding that state was not liable for injured pedestrian). *Government Code* §815 provides that a public entity is not liable *except as provided by statute.* Plaintiff's tort based claims are not based upon clear statutory authority to bring such a claim against Defendant Aguirre.  Plaintiff has provided no support either identifying the specific code section he claims was violated or how the code section provides a statutory basis for bringing his claim against each defendant. Plaintiff has provided no support either identifying the specific code section he claims was violated or how the code section provides a statutory basis for bringing his claim against Ms. Aguirre.

Likewise, taking all of Plaintiff's allegations as true, Plaintiff has failed to allege the traditional elements of duty, breach of duty, causation, and damages, and has failed to identify how each defendant's actions or inactions give rise to a negligence cause of action.  Likewise, Plaintiff's claim for NIED fails as it is a derivative claim of his negligence cause of action.  *Wong v. Tai Jing*, 189 Cal.App.4th 1354, 1377 (Ct. App. 2010).  As for Plaintiff's 7th and 8th causes of action, Plaintiff has similarly failed to allege how Ms. Aguirre's act or omission would give rise to a cause of action under *Cal. Gov. Code* 815.6.  Pursuant to *Cal. Gov. Code* 815.6, "if a statute does not require that a 'particular action' be taken... section 815.6 does not create the right to sue a public entity." *Shamsian v. Department of Conservation (2006) 136 Cal.App.4th 621, 632*.  "Whether a particular statute is intended to impose a mandatory duty... is a question of statutory interpretation for the courts." *Ibid.*  "A statute is deemed to impose a mandatory duty on a public official only if the statute affirmatively imposes the duty and provides implementing guidelines."  *O'Toole v. Superior Court,* 140 Cal.App.4th 488, 509-10 (2006); *Shamsian v. Department of Conservation*, 136 Cal.App.4th 621, 632-33 (2006); *Clausing v. San Francisco Unified School Dist.* 221 Cal.App.3d

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1224, 1239–1241 (1990).    While there are some scattered allegations in the complaint, such as in paragraph 91 and 120 of the Complaint, Plaintiff fails to allege or identify a statute upon which he claims Ms. Aguirre was required to follow a *statutory mandate*. Ms. Aguirre is left to guess as to what statute Plaintiff bases his claims.

The court in *Fox v. County of Fresno* (1985) 170 Cal.App.3d 1238, 1241 relied specifically on Government Code §815 to reach the conclusion that in "California, governmental tort liability must be based on statute."  Here, Plaintiff has failed to allege how Ms. Aguirre is liable for any alleged failure to comply with any *statutory mandate*.

Plaintiff's IIED claim must also fail because Plaintiff has failed to identify any action by Ms. Aguirre that rises to the level of outrageous conduct.  Under California law, the elements of IIED are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035, 1050, 95 (2009); see  *Mitchell v. California Dep't of Veterans Affairs*, 560 F.3d 1042, 1051 (9th Cir.2009) (citation omitted). Conduct is deemed outrageous if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Saridakis v. United Airlines*, 166 F.3d 1272, 1278 (9th Cir.1999).  Plaintiff's IIED claim is alleged against all defendants.  Yet, Plaintiff fails to identify how Ms. Aguirre's conduct rises to conduct that is so extreme as to exceed all bounds tolerated in a civilized community.

5)    11th Cause of Action for Retaliation: Plaintiff appears to be asserting this claim solely against Defendants Dobson, Floerke, and McKinley.  Not only should Plaintiff's 11th cause of action be dismissed against all defendant for failure to prosecute, Plaintiff has failed to allege any facts against Defendant Aguirre that

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1  would constitute as an act of retaliation.  Here, Plaintiff must allege that he engaged
2  in protected activity, that he suffered an adverse action, and that there was a causal
3  link between his protected activity and the adverse action.  As the Ninth Circuit has
4  ruled, "The but-for causation standard [] applies equally to retaliation under Titles I
5  and II."  *T.B. ex rel. Brenneise v. San Diego Unified School Dist*. (9th Cir. 2015)
6  806 F.3d 451, 473.  As Plaintiff has failed to allege these facts, his eleventh cause of
7  action must be dismissed with prejudice. As a result, Ms. Aguirre must be dismissed
8  from this cause of action.

9      6)    12th Cause of Action for violation of DPA: Plaintiff's twelfth cause of
10  action alleges violation of *California Civil Code* §54.3.  Civil Code §54.3 is the part
11  of the Disabled Persons Act.  Plaintiff's fifth cause of action is for violation of the
12  Disabled Persons Act claim. Both causes of action are based upon *California Civil*
13  *Code* §54.3, and seek to vindicate Plaintiff's rights under the Disabled Persons Act.
14  As such, Plaintiff's twelfth cause of action must be dismissed for being duplicative.

15      7)    13th Cause of Action for Breach of Contract and 14th Cause of Action
16  for Breach of Implied Covenant of Good Faith and Fair Dealing: Under California
17  law, to assert a claim for breach of contract, a plaintiff must allege the existence of
18  "(1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3)
19  defendant's breach, and (4) damage to plaintiff." *Walsh v. W. Valley Mission Cmty.*
20  *Coll. Dist*., 66 Cal.App.4th 1532 (1998).  The complaint, however, fails to state facts
21  sufficient to show the existence of any contract, the terms of any contract, if Plaintiff
22  properly performed his obligations under the contract, if the contract was written or
23  oral, or, importantly, or if Defendants were even a party to the contract.  As such,
24  the Court should grant this motion to dismiss for failure to state facts supporting the
25  breach of contract claim.   Assuming Plaintiff has alleged sufficient facts to
26  constitute a breach of contract claim, any contractual relationship that may exist is
27  only between students and post-secondary educational institutions.  *Andersen v.*
28  *Regents of University of California*, 22 Cal.App.3d 763 (1972); *Kashmiri v. Regents*

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*of University of California*, 156 Cal.App.4th 809, 824 (2007).  Here, Plaintiff has not alleged a single fact that would tend to indicate that Ms. Aguirre was a party to any alleged contract with Plaintiff, or that she had an independent contractual relationship with Plaintiff.  Furthermore, since Plaintiff's breach of contract claim fails against all individual defendants, his fourteenth cause of action against all individual defendants must also fail, since it is a derivative cause of action, and depends on the existence of a contract between Plaintiff and Ms. Aguirre.

8)      15th Cause of Action for Loss of Educational Opportunity: Plaintiff's fifteenth cause of action for loss of educational opportunity fails to state a claim simply because this cause of action is part of Plaintiff's remedies and right to relief, rather than a separate and independent cause of action.  As such, this cause of action must be dismissed without leave to amend as to Ms. Aguirre.

9)      16th Cause of Action for Promissory Estoppel: The elements of a promissory estoppel claim are '(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance."  *Flintco Pacific, Inc. v. TEC Management Consultants, Inc.,* 1 Cal.App.5th 727, 734 (2016).  Here, Plaintiff has failed to allege that Ms. Aguirre made a clear and umambiguous promise to Plaintiff, or that Plaintiff made any reliance on Ms. Aguirre's promise.  For the same reason that a breach of contract claim cannot be asserted against Ms. Aguirre, Plaintiff cannot pursue a claim against her for promissory estoppel

Therefore, Defendant Aguirre requests that she be dismissed from this action without leave to amend, as Plaintiff has had more than two years to allege facts against Defendant Aguirre, and has failed to do so, despite multiple opportunities.

## IV.   CONCLUSION

Based on the foregoing reasons, Defendant Griselda Aguirre respectfully requests that the Court grant Defendant's motion to dismiss, and dismiss her and any

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1    claims against her from this lawsuit, with prejudice.

2

3

4    DATED:  April 8, 2019                    WALSH & ASSOCIATES, APC

5

6                                        By:  _____

7                                             Dennis J. Walsh, Esq.
                                              George E. Ordonez, Esq.
8                                             Attorneys for Defendants NORTH ORANGE
                                              COUNTY COMMUNITY COLLEGE
9                                             DISTRICT, BLANCA DOBSON, RUTH
                                              SIPPLE, BRANDON FLOERKE, PAUL
10                                            MCKINLEY, IRMA RAMOS, DAN
                                              WILLOUGHBY, JOSE NUNEZ, AND
11                                            GRISELDA AGUIRRE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA            )
                               )
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years of age, and am not a party to the within action; my business address is 16633 Ventura Boulevard, Suite 800, Encino, California  91436.

      On the date herein below specified, I electronically filed the foregoing document with the United States District Court, Central District of California, by using the CM/ECF system.  I certify that the following counsel of record is registered as an ECF Filer and that he will be served by the CM/ECF system:

DATE OF SERVICE            :      April 8, 2019

DOCUMENT SERVED          :      **NOTICE OF MOTION AND MOTION OF DEFENDANT GRISELDA AGUIRRE TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE PURSUANT TO RULE 41(b) AND FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

COUNSEL SERVED           :      <u>Plaintiff In Pro Per</u>:
                                   John Doe
                                   4067 Hardwick St. #184
                                   Lakewood, CA 90712
                                   818-330-3139

                  *      *      *

<u>XXX</u>  (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

      EXECUTED at Encino, California on April 8, 2019.

                *Adreana Rutter*

              _____
                Adreana Rutter